[No. 22343. *En Banc.* December 16, 1930.]

MARY DODSON, as *Administratrix, Appellant, v. CONTINENTAL CAN COMPANY, Respondent.*[1]

[1]Reported in 294 Pac. 265.

590

*Carl L. Shuff, Arthur M. Harris, Stratton & Kane,* and *Geo. G. Hannan,* for appellant.

*Huffer, Hayden, Merritt, Summers & Bucey,* for respondent.

PARKER, J.—The plaintiff, Mary Dodson, as administratrix of the estate of Gertie Matson, deceased, commenced this action in the superior court for King county for the benefit of the surviving husband and child of Mrs. Matson, seeking recovery of damages from the defendant, Continental Can Company, alleged as the result of her death being caused by the negligence of the can company. The complaint was demurred to by the can company, upon the ground, among others, "that this action has not been commenced within the time limited by law." The demurrer was by the superior court sustained, and the plaintiff electing not to plead further, judgment of dismissal was accordingly rendered against her, denying recovery, from which she has appealed to this court.

Having arrived at the conclusion that the demurrer is sustainable upon the ground of the action not being commenced within the time limited by law, which seems to be the principal ground upon which the superior court's decision was rested, it becomes necessary for us to summarize only the alleged facts pertinent to that conclusion, as follows: Mrs. Matson was, for several years immediately prior to her death, employed in the can company's manufacturing plant. On September 27, 1925, Mrs. Matson died, as the result of inhaling, for a continuous period of several years, poisonous gases and fumes emanating from the manufacturing of the can company's products at the place in

its plant where she was required to work. The continued presence of such gases and fumes was caused by the negligence of the can company in not guarding, by proper ventilation, against their presence, so that they would not be injurious to Mrs. Matson and its employees similarly situated in their employment. On June 10, 1929, by order of the superior court for King county, Mary Dodson became the duly appointed and qualified administratrix of the estate of Gertie Matson, and letters of administration were duly issued to her on that day. On July 19, 1929, Mary Dodson as administratrix commenced this action in the superior court for King county. Thus it appears that this action was commenced several months more than three years after the occurrence of the death of Mrs. Matson.

This action was brought under chapter 123, Laws of 1917, p. 495, which, in so far as we need here notice its language, reads as follows:

"SECTION 1. When the death of a person is caused by the wrongful act, neglect or default of another his personal representative may maintain an action for damages against the person causing the death; . . ." (Rem. Comp. Stat. § 183.)

"SEC. 2. Every such action shall be for the benefit of the wife, husband, child or children of the person whose death shall have been so caused. If there be no wife or husband or child . . ." (Rem. Comp. Stat. § 183-1.)

That act giving such right of action does not contain any language limiting the time within which such action may be commenced. So as to any such limitation, we must look to our general statutory provisions limiting the time within which civil actions may be commenced. Those provisions, so far as here applicable, referring to sections of Remington's Compiled Statutes, read as follows:

"Sec. 155. Actions can only be commenced within the periods herein prescribed after the cause of action shall have accrued, . . .

"Sec. 159. Within three years, . . .

"2. An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated; . . ."

We understand counsel upon both sides of this case to concede that these two quotations, read together, prescribe the limitation of time for the commencement of an action under our above quoted wrongful death statute. Our decision in *Robinson v. Baltimore & S. M. & R. Co.*, 26 Wash. 484, 67 Pac. 274, decided in 1901, seems to render this plain. It was there held that, since our then existing wrongful death statute did not contain any prescribed limitation of time for commencing an action thereunder, the above quoted three-year general limitation, which has been the law since long prior to the rendering of that decision, was applicable.

Our real problem is, when did the three-year statute of limitations start to run? It is contended in behalf of the can company that the cause of action, as alleged in the complaint, accrued on the date of the death of Mrs. Matson, because on that date the can company became liable, if at all, to respond in damages for her death, and on that date the right of the beneficiaries, her husband and child, to such damages, and their right to have an action then commence looking to such recovery from the can company, came into being. It is contended in behalf of the administratrix that, since there was no one competent to commence the action until she was appointed administratrix of the estate of Mrs. Matson, that is, no personal representative of Mrs. Matson following her death until that time, the

cause of action did not accrue so as to start the statute of limitation running until that time.

We have seen by the terms of the statute that the deceased's "personal representative may maintain" the action. This has been held by us to mean that the action can be maintained only by a personal representative of the deceased, that is, by an executor or administrator of the estate of the deceased. *Howe v. Whitman County,* 120 Wash. 247, 206 Pac. 968, 212 Pac. 164; *Reutenik v. Gibson Packing Co.,* 132 Wash. 108, 231 Pac. 773, 37 A. L. R. 830. It has also been so held by the supreme court of the United States with reference to an action for wrongful death, under the Federal Employers' Liability Act, which is, in this respect, in substance the same as our own statute above quoted. Section 51, Title 45, U. S. C.; *St. Louis & San Francisco R. v. Seale,* 229 U. S. 156.

We have also held, under our prior wrongful death statute, that it gave only a single right of action and only one cause of action for the benefit of the specified beneficiaries, though there be more than one constituting a class entitled to share in the recovery, and though that act authorized the maintenance of the action by the beneficiaries or by a personal representative of the deceased for the beneficiaries. *Benson v. English Lumber Co.,* 71 Wash. 616, 129 Pac. 403; *Stephenson v. Parton,* 89 Wash. 653, 155 Pac. 147. Our later decision in *Heath v. Stephens,* 144 Wash. 440, 258 Pac. 321, that being an action under our present wrongful death statute, is in harmony with that holding.

So it does appear that there was no person competent to maintain the action until Mary Dodson was, by her appointment and qualification as adminstratrix of the estate of Mrs. Matson, rendered competent to maintain the action. That, however, does not, to our minds, conclusively argue that the three-year statute

of limitation did not commence to run at the date of the death of Mrs. Matson.

There seems to be a decided conflict in the decisions of the courts as to whether or not a statutory time limit for the commencement of an action to enforce a civil right commences to run only from the time there is a person in being who is legally competent to commence such action, though prior thereto the liability arose against the defendant and there be a person in being entitled to have the action commenced and maintained for his benefit. It seems to us that, in so far as we are concerned in our present inquiry, the supreme court of the United States has very convincingly answered this question in its decision in *Reading Co. v. Koons,* 271 U. S. 58. Justice Stone, therein speaking for the court, said:

"As respondent brought his action more than two years after the death and less than two years after his appointment as administrator, the sole question presented for review is whether, in an action for wrongful death brought under the Federal Employers' Liability Act, the two-year statute of limitations begins to run at the date of the death or at the date of the appointment of the administrator of the decedent.

"The Federal Employers' Liability Act imposes upon common carriers by railroad, engaged in interstate commerce, liability for the death of an employee employed in such commerce, when the death results from the negligence of the carrier or its agents, and gives a right of action to the personal representative of the decedent for the benefit of the surviving spouse and children of such employee, or if there are no such survivors, then for the benefit of his dependent next of kin. By § 6 of the Act, it is provided 'That no action shall be maintained under this Act unless commenced within two years from the day the cause of action accrued.'

"The application of this statute turns on the question whether the cause of action created by the Act

may be deemed to have 'accrued,' within the meaning of the Act, at the time of death or on the appointment of the administrator, who is the only person authorized by the statute to maintain the action. *American R. R. of Porto Rico v. Birch,* 224 U. S. 547; *St. Louis, S. F. & T. Ry. v. Seale,* 229 U. S. 156. The question has never been directly answered by this Court, although in *Missouri, K. & T. Ry. v. Wulf,* 226 U. S. 570, it was assumed that the cause of action was barred in two years after the death.

"It has received conflicting answers in the decisions of other courts. . . .

"It is argued in support of one view, as the court below held, that, as the cause of action for death is the creature of statute and is given exclusively to the administrator of the decedent, no cause of action can arise or accrue until there is an administrator. On the other hand, it is asserted with, we think, equal plausibility, that, when all of the events have occurred which determine the liability of the common carrier, the cause of action has come into existence or has 'accrued.'

"We do not think it is possible to assign to the word 'accrued' any definite technical meaning which by itself would enable us to say whether the statutory period begins to run at one time or the other; but the uncertainty is removed when the word is interpreted in the light of the general purposes of the statute and of its other provisions, and with due regard to those practical ends which are to be served by any limitation of the time within which an action must be brought.

"Whatever effect may be given to the assertion often made in judicial opinion that, in the ordinary case where a cause of action arises in favor of the estate of a decedent, there is no person who can enforce it if there is no executor or administrator, that statement cannot be applied strictly to causes of action for death arising under the Federal Employers' Liability Act. For while it is true that the executor or administrator is the person authorized to bring the suit, he nevertheless acts only for the benefit of persons specifically designated in the statute. At the time

of death there are identified persons for whose benefit the liability exists and who can start the machinery of the law in motion to enforce it, by applying for the appointment of an administrator. . . . Thus, at the death of decedent, there are real parties in interest who may procure the action to be brought; and there are no such practical inconveniences or necessary delays as would lead to the conclusion that the word 'accrued,' as used in the statute, cannot be taken to refer to the time of death. . . .

"Every practical consideration which would lead to the imposition of any period of limitation, would require that the period should begin to run from the definitely ascertained time of death rather than the uncertain time of the appointment of an administrator. Here the appointment was not made until six years after the death. No reason appears, if the opinion of the court below is followed, why the time might not have been extended indefinitely by the failure to apply for administration. The only persons who can procure the appointment of an administrator are ordinarily spouse, next of kin, or creditors of the decedent. Certainly the common carrier would have no standing to make the application. The very purpose of a period of limitation is that there may be, at some definitely ascertainable period, an end to litigation. If the persons who are designated beneficiaries of the right of action created may choose their own time for applying for the appointment of an administrator and consequently for setting the statute running, the two-year period of limitation so far as it applies to actions for wrongful death might as well have been omitted from the statute. An interpretation of a statute purporting to set a definite limitation upon the time of bringing action, without saving clauses, which would, nevertheless, leave defendants subject indefinitely to actions for the wrong done, would, we think, defeat its obvious purpose."

Some other considerations are noticed in that opinion by way of argument in further support of the conclusion reached, but it seems to us that the dominating and all-sufficient support for the conclusion reached

is the fact that the liability arose upon the death of the deceased, and that there were then persons in being, beneficiaries, capable of setting the law in motion looking to the commencement and maintenance of the action, though no person was then competent to actually commence the action. Such are the facts attending this controversy.

Is there any such difference between the Federal Employers' Liability Act and our wrongful death act as to render the above quoted language of the supreme court of the United States inapplicable to our present inquiry? We think not. The Federal Employers' Liability Act (Title 45, § 51, U. S. C.) reads in part as follows:

"Every common carrier by railroad, while engaged in commerce between any of the several states . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative for the benefit of the surviving widow or husband and children of such employee; . . ."

Our wrongful death statute, we have seen, is, in substance, and almost in exact words, the same, as to the liability, as to the beneficiaries and as to who may maintain the action. Plainly, we think there is no substantial difference such as to render inapplicable in these respects the above quoted language of the supreme court of the United States.

Is there any such difference between the time limitation for commencing the action prescribed by the Federal Employers' Liability Act and our general three-year statute of limitation as to render the above quoted language of the supreme court of the United States inapplicable to our present inquiry? We think not. The two-year limitation of time for commencing

the action under the Federal Employers' Liability Act is contained in that act, and reads as follows:

"No action shall be maintained under this chapter unless commenced within two years from the day the cause of action accrued." Title 45, § 56, U. S. C.

The three-year limitation for the commencement of the action, found in our general statute of limitations, like the limitation in the Federal act, plainly starts the limitation running at the time the cause of action "accrued." There may be some difference in the effect of the Federal limitation and our limitation, in that the former, being in the act creating the right of action, may, as suggested in some of the decisions, go to the substance of the right, as well as to the remedy for its enforcement, and in that respect become something more than a mere statute of limitation, while our statute here applicable is simply a statute of limitation taking away the remedy. But this, we think, is a theoretical difference which is of no consequence in our present inquiry. It is at all events the law that under both the Federal act and our own statute of limitation, the right of action becomes barred if not commenced within the respective limitations prescribed by the respective statutes.

We have not overlooked the following language of this court in its decision in *McAuliff v. Parker*, 10 Wash. 141, 38 Pac. 744:

"The general holding of the courts is that the statute of limitations does not begin to run until there is some one to sue or liable to be sued, . . ."

We think that language is not controlling in our present inquiry. The real question decided in that case is well stated in the syllabus to the court's decision, as follows:

"When the statute of limitation has commenced to run against a party, its operation is not arrested by

his subsequent death, before the end of the statutory period.''

We conclude that the allegations of the complaint show that the right of recovery, if any ever existed against the can company, is barred by our three-year statute of limitation.

The judgment is affirmed.

All concur.

[1]Reported in 294 Pac. 223.