[No. 27035. Department One. August 2, 1938.]
SWEN G. HANSEN *et al., Appellants,* v. STIMSON MILL
COMPANY *et al., Respondents.*[1]

*Edward C. Hudson* and *Frank L. Walters,* for appellants.

*Wright, Jones & Bronson, L. D. Fricks, Jr., Ralph S. Pierce,* and *Gordon H. Sweany,* for respondents Nettleton Lumber Company *et al.*

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* for respondents Roberts *et al.*

MAIN, J.—To the second amended complaint in this case, which will be referred to as the complaint, a demurrer was interposed and sustained. The plaintiffs refused to plead further and elected to stand upon the complaint. From the judgment entered dismissing the action, they appeal.

[1]Reported in 81 P. (2d) 855.

The facts, as stated in the complaint, disregarding the conclusions of fact and law, may be summarized as follows: December 28, 1928, Paul A. Lundberg received an injury in an automobile accident, which resulted in his death. There were left surviving him his widow, Winifred A. Lundberg, and a daughter, Helen Patricia Lundberg, sixteen months old. Subsequently, the widow was appointed administratrix of her deceased husband's estate, and, as such, instituted an action, under the wrongful death statute in this state, against the Stimson Mill Company, a corporation, and the Nettleton Lumber Company, a corporation, each of which had its principal place of business in the city of Seattle.

June 22, 1929, the case was presented to the superior court upon stipulation. The administratrix was present in person and represented by her counsel, and the corporations were represented by their respective counsel. The court made findings of fact from which it concluded that the administratrix was entitled to recover, and a judgment was entered in the sum of $13,500 against both corporations. Two days later, on June 24th, the judgment was satisfied by the law firm representing the administratrix. The settlement was made by the administratrix without a previous order of the court authorizing it, and without the appointment of a guardian *ad litem* for the minor child.

At the time the matter was presented to the court, no testimony was taken, and the findings and judgment were based solely upon the stipulation made by the respective parties. There was no segregation in the judgment as to the amount that should go to the respective beneficiaries entitled to it under the wrongful death statute, which will be hereinafter referred to. Subsequently, the administratrix died, without making any accounting for the proceeds of the judg-

ment. After her death, an administratrix *de bonis non* was appointed for the estate of Paul A. Lundberg, a guardian was appointed for the minor child, and an administratrix appointed for the estate of the deceased widow. Following their appointment, they brought the present action against the two corporations and the individual members of the law firm who acted for the administratrix at the time the judgment above mentioned was entered, paid, and satisfied.

The theory of the complaint appears to be that the $13,500 judgment was void, and that the appellants are entitled to have the amount of the damages sustained by the minor in her individual capacity determined in this action, or she is entitled to a judgment against the respondents giving her her proportionate share of the $13,500.

Whether the complaint states a cause of action, as we view it, ultimately depends upon whether the administratrix of the deceased's estate had the right to compromise and receive payment of the claim without having the amount that would go to the respective beneficiaries specified in the judgment, without being previously authorized to make the settlement or compromise by the court, and without having a guardian *ad litem* appointed for the minor child.

Rem. Rev. Stat., § 183 [P. C. § 8259], provides that:

"When the death of a person is caused by the wrongful act, neglect or default of another, his personal representative may maintain an action for damages against the person causing the death; . . ."

Section 183-1 [P. C. § 8260] provides that:

"Every such action shall be for the benefit of the wife, husband, child or children of the person whose death shall have been so caused. . . ."

Under these statutes, it has been held that there is but a single right of action, even though there

be a number of beneficiaries, and that the personal representative, that is, the executor or administrator, is the only one by whom the action can be maintained. *Broughton v. Oregon-Wash. R. & Nav. Co.,* 137 Wash. 135, 241 Pac. 963; *Dodson v. Continental Can Co.,* 159 Wash. 589, 294 Pac. 265. From those holdings, it necessarily follows that the beneficiaries entitled to share in the judgment are not parties to the action.

Under similar wrongful death statutes, it has been generally, if not uniformly, held that an administrator or executor has the power to compromise claims or judgments without the consent of the beneficiaries or without the approval of the court. *Mann v. Minnesota Electric Light & Power Co.,* 43 F. (2d) 36; *Foot v. Great Northern R. Co.,* 81 Minn. 493, 84 N. W. 342, 83 Am. St. 395, 52 L. R. A. 354; *Conover v. Pennsylvania R. Co.,* 176 Fed. 638; *Parker v. Providence & Stonington Steamboat Co.,* 17 R. I. 376, 22 Atl. 284, 23 Atl. 102, 33 Am. St. Rep. 869, 14 L. R. A. 414; *Treadway v. St. Louis, I. M. & S. R. Co.,* 127 Ark. 211, 191 S. W. 930.

The case of *Southern Pac. Co. v. Tomlinson,* 163 U. S. 369, 41 Law Ed. 193, 16 S. Ct. 1171, is based upon a statute of a state which provided that the jury, in their verdict, should fix the amount to which each beneficiary was entitled. This case is referred to and distinguished in some of the authorities above cited.

In the case now before us, the amount which was to go to each beneficiary not being specified in the judgment, the administratrix was entitled to receive the amount of the judgment in a lump sum and have the apportionment made in the probate court. It was not the duty of the defendants in that action to see that the proper distribution was made. *Aetna Casualty & Surety Co. v. Young,* 107 Okla. 151, 231 Pac. 261; *Weidner v. Rankin,* 26 Ohio St. 522; Editor's Annota-

tion, *In re Riccomi*, 185 Cal. 458, 197 Pac. 97, 14 A. L. R. 509; *Reutenik v. Gibson Packing Co.*, 132 Wash. 108, 231 Pac. 773, 37 A. L. R. 850.

The apportionment not having been made in the judgment for the $13,500, and the minor child not being a party to that action, there was no occasion to appoint a guardian *ad litem* for her at the time the judgment was entered and the money paid over. The beneficiaries not being parties to the action, any argument based upon the assumption that they were must, of course, be unavailing. It follows, without further discussion, that, since the administratrix had the right to compromise and settle and receive payment of the judgment in a lump sum, the demurrer to the complaint was properly sustained.

The judgment will be affirmed.

STEINERT, C. J., HOLCOMB, GERAGHTY, and SIMPSON, JJ., concur.