Ann D. Dufficy, J.
In this action for wrongful death and for personal injuries sustained by decedent, defendants Butler Aviation-Miami, Inc., and Air International, Inc., move to dismiss the complaint on the ground that the applicable periods of limitation have expired. (CPLR 3211, subd [a], par 5.)
Plaintiff alleges that decedent, Fred E. Barnette, a member of the United States Armed Forces, was killed on April 26, 1967 while aboard a United States military aircraft when it crashed in Vietnam. Plaintiff further alleges that the fatal crash was caused by the tortious assembly, repair and inspection of said aircraft by defendants in 1966 or 1967.
In a decision dated August 2, 1976, the court indicated that *351 of the jurisdictions involved in this action, Vietnam has the most significant relationship with the issue of compensation for the injuries and death sustained by decedent. The court held the instant motion in abeyance pending submission of information on whether Vietnamese law considered the relevant periods of limitation as substantive or procedural in nature.
On further consideration the court withdraws its finding that Vietnamese substantive law is applicable. In light of the belligerent circumstances under which decedent and his aircraft were present in Vietnam, it is unlikely that the present government of that country would have a significant State interest in affording a remedy to compensate for injuries suffered an American serviceman. (Miller v Miller, 22 NY2d 12; Farber v Smolack, 20 NY2d 198; Long v Pan Amer. World Airways, 16 NY2d 337; Babcock v Jackson, 12 NY2d 473.)
Without determining at this juncture which jurisdiction does have the predominate State interest in assessing liability here, the court notes that the applicable Statutes of Limitation have expired in New Jersey, Florida and New York, the possible choice of law jurisdictions. In any event, periods of limitation for wrongful death and personal injury are generally deemed procedural in this country. (See, e.g., Chartener v Kice, 270 F Supp 432.) Therefore, the law of the forum State, in this case New York, would apply. (Chartener v Kice, supra; Schwertfeger v Scandinavian Amer. Line, 186 App Div 89, affd 226 NY 696; cf. Gatti Paper Stock Corp. v Erie R. R. Co., 247 App Div 45, affd 272 NY 535.)
Both New York’s two-year period of limitation for wrongful death (EPTL 5-4.1) and the three-year period for personal injury actions (CPLR 214) have expired. Thus, the causes of action stated in the complaint are time barred. (CPLR 202.)
The question remains, however, whether the claims of the infants for whose benefit the wrongful death action is being brought are preserved by the provisions of New York’s tolling statute. (CPLR 208.)
CPLR 208 provides that the period of limitation shall be tolled during the infancy of a "person entitled to commence an action”. EPTL 5-4.1 gives the personal representative of a decedent the right to maintain an action for wrongful death. While a decedent’s infant children may be the beneficiaries of a wrongful death claim, they are not entitled to bring the action directly. Therefore, the infancy of said children will not *352 toll the period of limitation for a wrongful death action under said section. (Mossip v Clement & Co., 256 App Div 469, affd 283 NY 554.)
Accordingly, no statutory remedy exists to enforce the infants’ claim in New York. The further question remains whether the infants have a common-law cause of action for wrongful death.
In Moragne v States Marine Lines (398 US 375), the Supreme Court, reviewing the history of wrongful death actions, concluded that in addition to whatever ; statutory remedies might be available, a common-law cause of action for wrongful death will lie for death caused by violation of maritime duties. (See, also, Sea-Land Servs. v Gaudet, 414 US 573.) In reaching its decision the court expressly overruled The Harrisburg (119 US 199), decided 85 years earlier, wherein the court had found that in the absence of statute there is no action for wrongful death.
In Gaudette v Webb (362 Mass 60), the Supreme Judicial Court of Massachusetts concluded that the principles of Moragne were logically applicable with equal force to nonmaritime actions.
Gaudette involved a situation similar to that presented in the instant case. Like New York, Massachusetts’ wrongful death statute provides that an action can be brought only "by the executor or administrator of the deceased”. (Mass Gen Laws, ch 229, § 2.) An action was brought by the decedent’s widow as administratrix, but after the period of limitation had expired. A motion was made to dismiss the complaint. Decedent’s infant children claimed the benefit of section 7 of chapter 260 of the Massachusetts General Laws which tolls the period of limitation where the person entitled to bring an action is a minor.
In evaluating this question, the court in Gaudette conceded that if wrongful death actions were purely statutory, the infants’ claim was time barred. However, relying on the rationale of Moragne, the court departed from previous Massachusetts law and declared that there existed a common-law right to recovery for wrongful death in addition to statutory remedies. Since the right to commence the common-law cause of action resided in the infant, the court held the tolling statute was applicable.
Both Moragne and Gaudette were examined in a recent decision of the United States District Court which concerned *353 the same issues raised in the instant case. (Neal v Butler Aviation, EDNY, No. 76C10.) The defendants in Neal were identical to those appearing here, while the plaintiffs in Neal were the personal representatives of servicemen killed in the same crash as decedent Barnette. As in the instant case, causes of action for wrongful death were set forth in Neal and the defendants moved to dismiss the complaint on the ground that the Statute of Limitations had expired.
The court in Neal found that whether New York substantive law is applied or that of another possible choice of law jurisdiction, such as Texas or Florida, a New York forum court would hold that the infants involved possessed a common-law cause of action for damages suffered through the deaths of their parents. Since the right to maintain such an action lies with the infants, it follows that the tolling provision of CPLR 208 applies.
In reaching his decision, Judge Dooling of the District Court was cognizant that the courts of New York and other possible choice of law States have traditionally limited actions for wrongful death to situations covered by statute. (See, e.g., Green v Hudson River R. R. Co., 28 Barb 9, affd 2 Keyes 294.) But he concluded that in light of the recent decisions in Moragne v States Marine Lines (398 US 375, supra) and Gaudette v Webb (362 Mass 60, supra) New York and other State courts would reconsider their previous view.
After examination of the arguments expressed in Moragne and Gaudette, this court agrees with the District Court’s decision and finds that decedent Barnette’s children have a common-law cause of action for the wrongful death of their father. This action is not abrogated by the existence of a statutory alternative and since the right to bring it lies with decedent’s children who are infants, the period of limitation is tolled in accordance with CPLR 208. (Neal v Butler Aviation, supra; Gaudette v Webb, supra.)
It would appear that the period of limitation for the common-law cause of action is the same as the wrongful death statute, that is, two years, but the court need not decide that question at this juncture.
Accordingly, defendants’ motion is granted only to the extent that the cause of action for personal injuries and the wrongful death action of decedent’s widow, Doris Barnette, brought pursuant to EPTL 5-4.1 are dismissed. In all other respects defendants’ motion is denied.
*354 Decedent’s children shall appear in their causes of action for wrongful death by their mother, Doris Barnette (CPLR 1201), who is given leave to replead the complaint, in accordance with this decision, within 30 days from the date of notice of entry of the order to be entered hereon.