OPINION OF THE COURT
Sidney H. Asch, J.
Defendant General Motors moves and defendant Wholesale *837 Tire cross-moves for dismissal of certain causes of action. Plaintiff is the guardian of an infant John Pepe, sole survivor of a family of four, and the administrator of the estates of the three decedents, the respective parents and brother of the surviving infant. All four were passengers in a 1966 Oldsmobile owned and driven by Frances and Michael De Leonardis. The accident occurred on September 8, 1972.
Plaintiff was appointed administrator on November 30, 1973 for the parents’ estates, on August 2, 1974 for the brother’s estate and guardian of the surviving infant’s property on November 13, 1973. The action was commenced in June, 1976. The complaint sets forth 10 causes of action, the second, fourth and sixth for wrongful death for each of the three decedents, the third, fifth and seventh in negligence on behalf of each of the three decedents, the eighth in breach of warranty on behalf of all four members of the family, and the ninth in strict liability on behalf of all four members of the family. Dismissal is not sought on the first and tenth causes of action, nor on the ninth, as it relates to the surviving infant, John Pepe. The other causes of action are all challenged on the basis of applicable Statutes of Limitations.
The negligence causes of action for personal injury are covered by CPLR 214, which states that such actions must be commenced within three years from the injury. Clearly, the 1976 action does not comply with the statute. Causes of action numbered third, fifth and seventh are dismissed.
Plaintiff represents passengers in an automobile belonging to another. The breach of warranty action requires proof of a sale (Uniform Commercial Code, § 2-725). There is no privity between the Pepe family and the moving defendants. The eighth cause of action is dismissed.
However, there is a cause of action in strict liability. (Codling v Paglia, 32 NY2d 330, 340): "Manufacturers of articles which may be a source of danger to several people if not properly manufactured should not be immune from liability for breach of implied warranty, a tortious wrong, to persons injured by a defectively manufactured article, where the manufacturer could reasonably contemplate injury to such persons by reason of the defect.” The three-year statute applies in tort actions, but is tolled by the incapacity of the infant (CPLR 208). The ninth cause of action is dismissed as to the estates of Gerardo, Teresa and Philip Pepe, but retained as to John Pepe.
*838 The wrongful death causes of action cannot be brought by next of kin, but must be brought by the deceased’s legal representative, within two years of the date of death (EPTL 5-4.1). Plaintiff relies upon the infancy of John to toll the statute. In Pulsifer v Olcott (63 Misc 2d 524), an incompetent widow and infant were the survivors, but the committee for the incompetent was not appointed until more than two years had elapsed from the time of death. The court reasoned simply that "a person entitled to commence an action” in Pulsifer, would have been the widow, except for her disability. Her disability tolled the statute until the appointment of a proper "person entitled to commence an action” on her behalf. That appointment was made more than two years after the date of death.
However, such is not the case here. Plaintiff was appointed within two years, even counting the last appointment as administrator for Philip. There is no doubt that plaintiff was then, as he is now, the proper person to commence the action but the two-year time limit has not been satisfied. The second, fourth and sixth causes of action are time-barred.
Plaintiff seeks to salvage the wrongful death claims by arguing that his ward has a common-law cause of action for wrongful death which would be tolled during his infancy, enabling him to bring the action upon attaining majority. "But it is law long settled that wrongful death actions, being unknown to the common law, derive from statutes only”. (Kilherg v Northwest Airlines, 9 NY2d 34, 38; see, also, Greco v Kresge Co., 277 NY 26; Western Union Tel. Co. v Cochran, 277 App Div 625; Stutz v Guardian Cab Corp., 273 App Div 4; Holmes v City of New York, 269 App Div 95; Lahann v Cravotta, 40 Misc 2d 670.) The statutory cause of action based on wrongful death was created to remedy a deficiency in common law not to codify common law. (See 9A Rohan, NY Civ Prac, par 5-4.1 [1].)
Plaintiff’s contention rests upon the same philosophy as was expressed by Justice Holmes dissenting in Panama R. R. Co. v Rock (266 US 209, 216): "Without going into the reasons for the notion that an action * * * does not lie for causing the death of a human being, it is enough to say that they have disappeared. The policy that forbade such an action, if it was more profound than the absence of a remedy when a man’s body was hanged and his goods confiscated for the felony, has *839 been shown not to be the policy of present law by statutes of the United States and of most if not all of the states.”
That position finds support in a number of cases. They include (Moragne v States Mar. Lines, 398 US 375; Gaudette v Webb, 362 Mass 60; Neal v Butler Aviation, 422 F Supp 850; Barnette v Butler Aviation Int, 89 Misc 2d 350). While Moragne v States Mar. Lines (supra) is perhaps distinguishable on the ground that it concerned only admiralty and maritime law, uniquely Federal questions, the other cases relied upon by plaintiff involve situations which are analogous to the instant one and those authorities cannot be cavalierly disregarded. Barnette v Butler Aviation Int. (supra, p 353) expresses the common theme of these cases: "After examination of the arguments expressed in Moragne and Gaudette, this court agrees with the District Court’s decision and finds that decedent Barnette’s children have a common-law cause of action for the wrongful death of their father. This action is not abrogated by the existence of a statutory alternative and since the right to bring it lies with decedent’s children who are infants, the period of limitation is tolled in accordance with CPLR 208.”
While this court has the same compassion for the children and orphans which permeates the holdings of these cases, it cannot acquiesce in the public policy or legal logic upon which the holdings rest.
The recognition by a nisi prius court that a common-law action for wrongful death coexists with the statutory action created by EPTL 5-4.1 would be a presumptuous formulation of new public policy. It would draw what is a relatively settled field of law into a maelstrom of swirling uncertainty and confusion. Every complaint based upon wrongful death would include a cause of action asserting common-law claim as well as the statutory one. Not only could it be argued that the infancy tolling provisions are applicable, all the tolling provisions of CPLR 208 would be urged by lawyers seeking help where their actions may have run afoul of the statutory two-year time limit. Vexatious questions relating to the asserted common-law action applied in pari materia with the statutory wrongful death claim, such as standing to sue, beneficiaries, defenses, distribution of recovery, measurement of damages, and others, would clog the judicial pathways running from the trial courts up to our highest appellate tribunal and back again.
*840 The change in the established law sought herein may, perhaps, be in the public interest. However, its formulation by this court would be the usurpation of legislative responsibility. That branch of the government can, and perhaps should, reconsider the impact of disability, as in this case, on the wrongful death action. Legislative reconsideration may be appropriate, and change if deemed necessary, would be simple.
Motion and cross motion are granted to dismiss the second through eighth causes of action and the portion of the ninth as set forth herein, and is otherwise denied.