[No. 49862-8. En Banc. April 19, 1984.]

DANIEL E. HUNTINGTON, *as Personal Representative, Petitioner,* v. SAMARITAN HOSPITAL, ET AL, *Respondents.*

*Richter, Wimberley, Erickson & Woods, P.S.,* by *F. G. Fancher,* for petitioner.

*Jeffers, Danielson, Sonn & Aylward, P.S.,* by *James M. Danielson* and *Douglas J. Takasugi,* for respondent Samaritan Hospital.

*Witherspoon, Kelley, Davenport & Toole, P.S.,* by *William D. Symmes* and *William F. Etter,* for respondents Klobucher, et al.

STAFFORD, J.—Petitioner Daniel Huntington, acting as personal representative of the children of Jack Bright, brought this wrongful death action against respondents Samaritan Hospital, Dr. V. W. Klobucher, and Doctors' Clinic, Inc. The trial court granted respondents' motion for summary judgment, ruling the action was barred by the statute of limitations. Division Three of the Court of Appeals affirmed. *Huntington v. Samaritan Hosp.,* 35 Wn. App. 357, 666 P.2d 405 (1983). We likewise affirm and hold that in a wrongful death action, the statute of limitations is not tolled during the minority of the statutory beneficiaries.

On September 28, 1976, Jack Bright was taken to Samaritan Hospital by his ex–wife, Janice, and three friends. He had attempted suicide. Mr. Bright was given medication and, approximately 1½ hours later, he was released into the custody of his companions. They took Mr. Bright to his apartment, where they planned to remain with him. Unfortunately, when he was left alone for a brief period of time, Mr. Bright committed suicide. His survivors

include four dependent minor children.

On January 7, 1977, Janice Bright was appointed personal representative of Jack Bright's estate. She filed a survival action against a person involved in an automobile accident with Mr. Bright in 1975. The survival action was settled. On January 4, 1979, Janice Bright filed her final report and petition for distribution.

On November 17, 1980, Daniel Huntington filed this wrongful death action, acting as personal representative of Jack Bright's four children. Mr. Huntington alleged respondents were negligent in their treatment of Jack Bright.

The trial court granted respondents' motion for summary judgment, holding the statute of limitations is not tolled during the minority of the statutory beneficiaries. The Court of Appeals, Division Three, affirmed. We granted discretionary review and affirm.

As the Court of Appeals correctly found, Mr. Huntington has no authority to bring this action because he has not been appointed personal representative of Mr. Bright's estate pursuant to RCW 11.28.120. Nevertheless, because proper appointment of a personal representative could be obtained, we address the statute of limitations issue in the interest of judicial economy.

The wrongful death statute, RCW 4.20.010, provides: "When the death of a person is caused by the wrongful act, neglect or default of another *his personal representative* may maintain an action for damages against the person causing the death . . ." "Every such action shall be for the benefit of the wife, husband, child *or children* of the person whose death shall have been so caused." (Italics ours.) RCW 4.20.020.

In general, a wrongful death action must be commenced within 3 years of the date of death. RCW 4.16.080; *Dodson v. Continental Can Co.*, 159 Wash. 589, 294 P. 265 (1930). Petitioner argues that RCW 4.16.350, the statute of limitations for medical malpractice actions, should apply to the instant suit. We need not decide which statute is applica-

ble, however, as under either statute the action is barred unless the limitation period is tolled by the minority of the statutory beneficiaries.

The tolling statute, RCW 4.16.190, provides, in relevant part:

If a person *entitled to bring an action* . . . be at the time the cause of action accrued . . . under the age of eighteen . . . the time of such disability shall not be a part of the time limited for the commencement of action.

(Italics ours.) Petitioner argues that although the personal representative is the only person who statutorily can bring a wrongful death action, the children are the real parties in interest and accordingly, the statute of limitations should be tolled during their minority. We do not agree.

Prior to 1917, a wrongful death action could be brought by the decedent's "heirs or personal representatives." Rem. 1915 Code § 183. In 1917, the Legislature amended the statute to its present form, providing that a wrongful death action may be maintained only by the decedent's personal representative. Laws of 1917, ch. 123, § 1, p. 495. Since the amendment of the wrongful death statute, we have uniformly held only the personal representative may bring a wrongful death action. *Wood v. Dunlop,* 83 Wn.2d 719, 723–24, 521 P.2d 1177 (1974); *Gray v. Goodson,* 61 Wn.2d 319, 378 P.2d 413 (1963); *Maciejczak v. Bartell,* 187 Wash. 113, 60 P.2d 31 (1936). The tolling statute, RCW 4.16.190, thus becomes operative only if the personal representative, the "person entitled to bring an action", is disabled. Consequently, the statute of limitations is not tolled by the minority of the statutory beneficiaries.

Our holding is in accord with the rule in several jurisdictions with wrongful death statutes similar to our own in that only the personal representative can bring the action.[1]

---

[1] Courts in some jurisdictions have held the statute of limitations is tolled by the minority of the statutory beneficiaries. These cases are distinguishable because under the wrongful death statutes of these jurisdictions, the beneficiaries may bring the action. *E.g., Cox v. McDonnell–Douglas Corp.,* 665 F.2d 566 (5th Cir. 1982) (Idaho law); *Cross v. Pacific Gas & Elec. Co.,* 60 Cal. 2d 690, 388 P.2d

*E.g., Beverage v. Harvey,* 602 F.2d 657 (4th Cir. 1979) (Virginia law); *DeLoach v. Emergency Med. Group,* 155 Ga. App. 866, 274 S.E.2d 38 (1980); *Group Health Ass'n v. Gatlin,* 463 A.2d 700 (D.C. 1983); *see generally* Annot., *Minority of Surviving Children as Tolling Limitation Period in State Wrongful Death Action,* 85 A.L.R.3d 162 (1978). While a few jurisdictions have reached a contrary result on public policy grounds, *e.g., Haakanson v. Wakefield Seafoods, Inc.,* 600 P.2d 1087 (Alaska 1979), such a result can be reached in the instant case only by rewriting a clear statute. Wrongful death actions are strictly statutory. *Wood v. Dunlop, supra* at 723. The formulation of a new policy with regard to this statutory cause of action is the responsibility of the Legislature, not a task for this court.

The Court of Appeals is affirmed.

UTTER, BRACHTENBACH, DOLLIVER, DIMMICK, and PEARSON, JJ., concur.

ROSELLINI, J. (dissenting)—The majority finds that the right to maintain a wrongful death action is not tolled during the minority of the statutory beneficiaries. This holding effectively denies the children of the deceased their vested rights to the benefits of such cause of action in the event of neglect or inadvertence by the personal representative.

The majority finds that the clear language of the applicable statutes mandates this holding. The majority reasons that when the Legislature amended the wrongful death statute in 1917 to provide that only the personal represen-

---

353, 36 Cal. Rptr. 321 (1964); *Hun v. Center Properties,* 63 Hawaii 273, 626 P.2d 182 (1981).

Other courts have held that a wrongful death action is a common law cause of action with respect to which the statute of limitations is tolled during the claimant's minority. *E.g., Barnette v. Butler Aviation Int'l, Inc.,* 89 Misc. 2d 350, 391 N.Y.S.2d 348 (1977); *Gaudette v. Webb,* 362 Mass. 60, 284 N.E.2d 222 (1972); *but see Beninati v. Oldsmobile Div. of Gen. Motors,* 94 Misc. 2d 835, 405 N.Y.S.2d 917 (1978). In contrast, we have held wrongful death actions are strictly statutory and were unknown at common law. *See Whittlesey v. Seattle,* 94 Wash. 645, 163 P. 193 (1917).

tative may maintain the action, RCW 4.20.010, the legislation also required that the minority tolling provisions of RCW 4.16.190 be available only to the personal representative, the person entitled to bring an action.

The statute is not so clear as the majority suggests. RCW 4.20.020 provides that a wrongful death action shall be for the benefit of the wife and children. The object of the wrongful death statute is to provide a remedy whereby the family of a deceased, who might have naturally expected maintenance or assistance from the deceased had he lived, may recover compensation from the wrongdoer commensurate with the loss sustained. *Upchurch v. Hubbard,* 29 Wn.2d 559, 188 P.2d 82 (1947). The intended purpose of granting the personal representative the right to maintain the wrongful death action is to procedurally allow for orderly prosecution of wrongful death suits by avoiding multiplicity of actions and assuring that all the statutory beneficiaries recover their respective interests in any benefits of the action.

The wrongful death statute, being remedial in nature, must be liberally construed in order to accomplish this intended purpose. *Gray v. Goodson,* 61 Wn.2d 319, 324, 378 P.2d 413 (1963); *Johnson v. Ottomeier,* 45 Wn.2d 419, 275 P.2d 723 (1954). Although the statute provides that the personal representative may maintain an action, this court has held that the personal representative is merely a statutory agent or trustee acting in favor of the statutory beneficiaries. *Gray,* at 327; *Wood v. Dunlop,* 83 Wn.2d 719, 724, 521 P.2d 1177 (1974). The beneficiaries are the real parties in interest and have a vested right to the benefits of the cause of action. *Wood,* at 724.

Due to the statutory right granting the personal representative the sole right to maintain the action, it was originally felt that the personal representative had the total say over the settlement of a wrongful death action. *Hansen v. Stimson Mill Co.,* 195 Wash. 621, 81 P.2d 855 (1938). However, in *Wood,* we overruled *Hansen* and held that the personal representative cannot settle and release a wrongful

death action on behalf of a minor beneficiary without court approval and the appointment of a guardian. The court reasoned that although the action was statutory and that the statute provided that the personal representative must bring the action, the personal representative is simply the nominal party to the action. Because of the remedial nature of the statute and the minor's vested interest in the benefits of an action, the court recognized the need to protect the welfare of the minor beneficiaries.

> Requiring court approval and appointment of a guardian for the child will help protect the minor's "vested" interest in the benefits of the claim in two ways. First, appointment of an independent guardian, concerned only with the interests of the child, will insure that settlement will more adequately compensate the minor for the loss sustained. Second, appointment of a guardian and a requirement of court approval will serve to guarantee that the minor will actually receive the portion of a settlement to which he is entitled.

*Wood,* at 725.

These same policy considerations have resulted in holdings in other jurisdictions tolling the statute of limitations applicable to wrongful death actions during the minority of a beneficiary. Although a minority view, these jurisdictions contain the better reasoned opinions: effectuating both the purpose of the wrongful death statutes and tolling provisions.

In *Wilbon v. D.F. Bast Co.,* 48 Ill. App. 3d 98, 365 N.E.2d 498 (1977), *aff'd,* 73 Ill. 2d 58, 382 N.E.2d 784 (1978), the Illinois court reviewed a wrongful death action which was filed on behalf of minor children after the 2–year statute of limitations. The 2–year limitation was part of the wrongful death statute and the general tolling statute provided for the tolling of limitations due to minority. The wrongful death statute also provided that actions should be brought by an administrator for benefit of the surviving spouse and next of kin. The court reviewed the public policy in legislative intent surrounding the issues presented by the case. The court found that the real parties in interest were the

minor children of the decedent and that the action had been brought well within the period provided by the tolling statutes for infancy. Under such circumstances, the court felt that it would be illogical for the Legislature to pass a general tolling statute and yet not apply it to the wrongful death statute. Public policy of the State of Illinois required that minors be protected by the courts and it was the duty of the courts to protect all rights of minors participating in litigation. Further, statutes must be interpreted consistent with such public policy, when possible. The court concluded that the action for benefit of the minors was not barred by the 2–year statute of limitations.

The Alaska Supreme Court has reached a similar conclusion. *Haakanson v. Wakefield Seafoods, Inc.*, 600 P.2d 1087 (Alaska 1979), one of the better reasoned opinions addressing this concern, involved a wrongful death situation where the action was filed 5 years following the death. The Alaska wrongful death statute provides that the personal representative of the decedent can maintain the action for benefit of certain heirs. That act provides that the action shall be commenced within a 2–year period of time, and Alaska has a general tolling statute which provides for tolling the statute for minors. The issue was whether the general tolling provision or the specific wrongful death statute of limitation applied. The court found that the personal representative is a nominal party only, who holds any recovery as trustee for the statutory beneficiaries. The action is brought on the heirs' behalf and for their direct benefit. Damages are measured by their individual loss. The court reasoned that the primary purpose of the wrongful death statute is to compensate those who have suffered a direct loss, while the statute of limitations, on the other hand, was designed to encourage promptness in the prosecution of action. The tolling provision, however, indicated that the Legislature had decreed that in certain circumstances the public policy to settle claims promptly is outweighed by the public policy that favors safeguarding the interest of minors. The court held that the statute was

tolled. It reasoned:

> We can think of no good reason why this expression of legislative policy [protection of the interest of minors] should not apply to wrongful death actions. By construing the limitation period in the wrongful death statute in *pari materia* with the general limitations provisions, we are able to give effect to the policies underlying limitation of actions. In addition, by affording wrongful death beneficiaries the same procedural opportunities available to other tort claimants, we can give better effect to the compensatory purpose of wrongful death actions.

*Haakanson,* at 1091. *See also Hun v. Center Properties,* 63 Hawaii 273, 626 P.2d 182 (1981).

I would adopt the view of these jurisdictions that the minority of the beneficiaries tolls the statute of limitations in a wrongful death action. The majority's literal interpretation of the wrongful death statute permits form to rule over substance and subverts the very purpose the statute is intended to serve. While the statute does indicate that the personal representative is the party who brings the action for wrongful death, it is also clear that the beneficiaries are the real parties in interest. The damages suffered by these parties are personal and distinct as to each. In the case of a minor, a personal representative cannot settle the minor's claim without appointing a guardian ad litem and the approval of the court. It is clear that the reason for the personal representative is to procedurally allow for the orderly prosecution of a wrongful death action. Likewise, the statute protects the defendant from a multiplicity of actions. The purpose, however, is not to deprive innocent children of their lawful rights. The wrongful death statute is remedial in nature and should be liberally construed to protect the "vested" interests of the minor beneficiaries. The tolling statute itself demonstrates a legislative intent and policy to protect the minors' cause of action. The compensatory purpose of the wrongful death statute is effectuated *only* when *the wrongful death beneficiaries are* afforded the same procedural opportunities available to other tort claimants. The interpretation placed on these

statutes by the majority does not do this.

I would hold that the minority of the statutory beneficiaries tolls the statute of limitations. The trial court's grant of summary judgment should be reversed and the case remanded with instructions to proceed to trial.

WILLIAMS, C.J., and DORE, J., concur with ROSELLINI, J.