■ ANGEL BONILLA, as Administrator of the Estate of HERMINIA DELAROSA, Deceased, Respondent, v SYDNEY ABBOTT et al., Appellants.—In an action to recover damages for legal malpractice, defendants appeal from an order of the Supreme Court, Kings County (Mirabile, J.), dated April 17, 1984, which denied defendants' motion to dismiss the complaint.

Order affirmed, with costs.

The two-year period of limitations for wrongful death actions runs from the date of a decedent's death (see, EPTL 5-4.1). Since plaintiff was available and qualified to act as the administrator of decedent's estate within the statutory limitations period, defendants should have honored their retainer agreement by timely commencing the wrongful death action. Their failure to do so provides a viable predicate for the instant legal malpractice action.

Contrary to defendants' contention, the disabilities of decedent's infant children may not be invoked to toll the two-year period of limitations. As was noted in *Mossip v Clement & Co.* (256 App Div 469, 473, *affd* 283 NY 554), the right to bring a wrongful death action is not vested in the statutory distributees but is given to the administrator of the decedent for their benefit (see also, *Barnette v Butler Aviation Intl.,* 89 Misc 2d 350; *Beninati v Oldsmobile Div.,* 94 Misc 2d 835). Because plaintiff suffered from no disabilities and was eligible and able to act as administrator, the toll for infancy, which is contained in CPLR 208, could not properly be applied to suspend the running of the two-year period of limitations (see, *Ratka v St. Francis Hosp.,* 44 NY2d 604; *Cruz v Mount Sinai Hosp.,* 61 AD2d 915). The fact that the plaintiff was not entitled to share in the proceeds of the estate has no effect upon the applicability of the tolling provisions.

Nor are defendants correct in their assertion that the two-year period did not commence to run until the date plaintiff was appointed guardian of the infant distributees. The remedy for wrongful death is exclusively statutory and is subject to the express terms of EPTL 5-4.1. The period of limitations contained therein runs from the date of decedent's death and not from the appointment of a legal or personal representative (see, *Leun v Brimmer,* 203 App Div 643, *appeal dismissed* 237 NY 629; *Stutz v Guardian Cab Corp.,* 273 App Div 4; *Winbush v City of Mount Vernon,* 306 NY 327).

Even assuming defendants were guided by a genuine belief that the infancy toll of CPLR 208 was applicable and that the period of limitations ran from the date plaintiff was appointed the guardian of the children, a jury could nevertheless conclude that defendants departed from standard practice, and acted negligently, in failing to proceed promptly, for no apparent reason, thereby risking and ultimately forfeiting the rights and interests of the decedent's four minor children.

Accordingly we conclude that a cause of action for legal

malpractice has been adequately stated, that questions of fact do exist, and that the motion to dismiss the complaint was properly denied. Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.