166 P.3d 662 (2007)
Kaela D. ATCHISON, personal representative of the estate of William Arthur Atchison, Appellant,
v.
GREAT WESTERN MALTING COMPANY, a Washington licensed corporation, Respondent.
No. 80034-1.
Supreme Court of Washington, En Banc.
Argued June 26, 2007.
Decided August 30, 2007.
Lawrence Stanford Merrifield Jr., Boyd Gaffney Sowards McCray & Treosti, P., Vancouver, WA, for Appellant/Cross-Respondent.
James H. Gidley, Perkins Coie LLP, Portland, OR, for Respondent/Cross-Appellant.
BRIDGE, J.
¶ 1 William Atchison died in June 2000 as a result of lymphoma. His most immediate next of kin was his only child, Kaela, who was then 15 years old. In 2003 Kaela turned 18, and in 2005 Kaela became personal representative of William's estate. In 2006, more than three years after her father's death, she *663 filed a wrongful death action against Great Western Malting Co., claiming the company negligently caused her father's disease. Great Western moved to dismiss under Civil Rule (CR) 12(b)(6), in part arguing that Kaela's claim was barred by the statute of limitations. The trial court granted the motion to dismiss on the ground that the complaint was filed after the three-year statute of limitations had expired. Kaela now argues that her minority should have tolled the statute of limitations.
¶ 2 We hold that the statute of limitations did not toll during Kaela's minority. She filed this wrongful death claim after the statute of limitations expired, and the trial court was correct to dismiss the claim. Because we affirm the trial court's dismissal based on the statute of limitations, we need not address Great Western's cross appeal.

I

Facts and Procedural History
¶ 3 For 21 years, between 1978 and 1999, William Atchison was employed by Great Western as an elevator utility worker. He claimed that during his employment he received daily occupational exposure to pesticides when he applied them and when he cleaned up contaminated dust without protective equipment. In October 1999, Atchison was diagnosed with lymphoma. On June 29, 2000, about eight months after his diagnosis, Atchison died. He did not leave a will, and he was not married. Upon his death, Atchison's 15-year-old daughter, Kaela, was his most immediate next of kin.
¶ 4 Kaela turned 18 years old on March 19, 2003. Absent tolling of the statute of limitations, the three-year time limit for filing a wrongful death action expired on June 29, 2003. On November 9, 2005, Kaela was appointed the personal representative of Atchison's estate. On February 10, 2006, Kaela filed an action for wrongful death against Great Western in Clark County Superior Court.
¶ 5 In response, Great Western filed a motion to dismiss pursuant to CR 12(b)(6) for failure to state a claim upon which relief could be granted. Among other things, Great Western argued that Kaela's claim was barred by the statute of limitations. Because by statute she could not become personal representative and commence a wrongful death action until her 18th birthday in March 2003, Kaela responded that the statute of limitations tolled during her minority.
¶ 6 The parties argued the motion before the superior court on May 12, 2006. The trial court granted the motion to dismiss because it found that the claim was barred by the statute of limitations. Specifically, the trial court found that the claim accrued on the date of Atchison's death, June 29, 2000, and the statute of limitations therefore expired in 2003. The trial judge was concerned that otherwise the statute of limitations could be manipulated:
[A] clever strategy by a clever attorney would be to pick somebodyif the statute [of limitations has] already run, pick somebody to be PR [personal representative] who was a minor at the time the statute ran, and I can't imagine that the law envisions that, that there's essentially an open-ended statute of limitations if one just picks and chooses who the PR's [going] to be.
Report of Proceedings (RP) at 19.
¶ 7 Kaela filed a motion for reconsideration, which the court denied. Kaela then filed a notice of appeal.[1] This court and the Court of Appeals jointly determined that the appeal should be transferred to this court. Ruling Transferring Appeal at 1.

II

Analysis
¶ 8 A trial court should grant a motion to dismiss pursuant to CR 12(b)(6) only "if it appears beyond a reasonable doubt that no facts exist that would justify recovery." Cutler v. Phillips Petroleum, Co., 124 Wash.2d 749, 755, 881 P.2d 216 (1994). We review CR 12(b)(6) rulings de novo. Id.
*664 ¶ 9 In Washington, wrongful death actions are strictly creatures of statute. Huntington v. Samaritan Hosp., 101 Wash.2d 466, 470, 680 P.2d 58 (1984). RCW 4.20.010 provides:
When the death of a person is caused by the wrongful act, neglect or default of another his personal representative may maintain an action for damages against the person causing the death. . . .
(Emphasis added.) Washington courts have consistently read this statute to mean that only a personal representative may bring an action for wrongful death. E.g., Beal v. City of Seattle, 134 Wash.2d 769, 776, 954 P.2d 237 (1998).
¶ 10 Where a person has died intestate, state statute also determines who is eligible to be appointed personal representative. RCW 11.28.120 prioritizes the order in which intestate heirs can be appointed: the surviving spouse (or the person of the spouse's choice), the decedent's child or children, the decedent's father or mother, the decedent's siblings, the decedent's grandchildren, and the decedent's nephews or nieces. RCW 11.28.120(1), (2). Beneficiaries of the decedent's assets and the decedent's principal creditors are eligible to be appointed personal representative if none of the above family members is available. RCW 11.28.120(4), (6).[2] The statute provides that if no person entitled to be appointed personal representative presents a petition within 40 days, or if there appears to be no eligible next of kin, or if all eligible candidates waive their right, "then the court may appoint any suitable person to administer such estate." RCW 11.28.120(7). But regardless of their relationship to the deceased, minors are disqualified from becoming personal representative. RCW 11.36.010.
¶ 11 State statute more strictly limits the possible beneficiaries of a wrongful death claim:
Every such action shall be for the benefit of the wife, husband, child or children, including stepchildren, of the person whose death shall have been so caused. If there be no wife or husband or such child or children, such action may be maintained for the benefit of the parents, sisters or brothers, who may be dependent upon the deceased person for support, and who are resident within the United States at the time of his death.
RCW 4.20.020. The statute of limitations for a wrongful death action in Washington is three years. See RCW 4.16.080(2); Beal, 134 Wash.2d at 776, 954 P.2d 237.
¶ 12 In Dodson v. Continental Can Co., 159 Wash. 589, 294 P. 265 (1930), this court had to determine whether a wrongful death action accrues, thereby starting the time for filing, on the date of death or on the date that the personal representative is appointed. Id. at 592-93, 294 P. 265. The Dodson court acknowledged that only a personal representative can bring a wrongful death action under Washington's statute, and therefore a wrongful death action is impossible until a personal representative is appointed. Id. at 593, 294 P. 265. Even so, the Dodson court held that the wrongful death action accrued, and the time for filing began, at the time of death. Id. at 596-98, 294 P. 265.
¶ 13 The Dodson court relied in part on the persuasive reasoning of a then-recent United States Supreme Court case, in which the Court evaluated the identical question under the Federal Employers' Liability Act, 45 U.S.C. § 51. Id. at 594, 294 P. 265 (discussing Reading Co. v. Koons, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835 (1926)). The Koons Court explained that while the executor or administrator is the only person under the federal act that can begin the action, the action is for the benefit of well-defined beneficiaries.
"At the time of death there are identified persons for whose benefit the liability exists and who can start the machinery of the law in motion to enforce it, by applying for the appointment of an administrator. . . . Thus, at the death of decedent, there are real parties in interest who may procure the action to be brought. . . ." *665 Dodson, 159 Wash. at 595-96, 294 P. 265 (alteration in original) (quoting Koons, 271 U.S. at 62-63, 46 S.Ct. 405). The Koons Court also explained that practical considerations dictated that the period for bringing an action should begin at the "`definitely ascertained'" time of death, rather than the "`uncertain time of the appointment of an administrator.'" Dodson, 159 Wash. at 596, 294 P. 265 (quoting Koons, 271 U.S. at 64, 46 S.Ct. 405). Otherwise, nothing would prevent indefinite postponement of the action by way of postponement of the appointment of an administrator, something that an employer vulnerable to suit could do nothing about. Id. Because the beneficiaries were capable of setting the law in motion, the Koons Court concluded that death is the point at which the action accrues. Id. at 597, 294 P. 265. The Washington statute was almost identical to the federal one, and thus the Dodson court adopted the Koons Court's reasoning. Id. We have not retreated from the Dodson court's holding, and the rule is well-settled: wrongful death actions accrue at the time of death.[3]
¶ 14 While wrongful death actions clearly accrue at the time of death, commencing the time for filing, the statute of limitations can be tolled by personal disability or minority:
Unless otherwise provided in this section, if a person entitled to bring an action mentioned in this chapter . . . be at the time the cause of action accrued either under the age of eighteen years, or incompetent or disabled to such a degree that he or she cannot understand the nature of the proceedings, such incompetency or disability . . . the time of such disability shall not be a part of the time limited for the commencement of action.
RCW 4.16.190 (emphasis added). Kaela argues that the statute of limitations tolled during her minority and that the time for filing began to run only on her 18th birthday. Kaela filed this action less than three years after her 18th birthday. Thus, she argues, her action is not barred.
¶ 15 In Huntington, this court analyzed when the statute of limitations in a wrongful death case can be tolled. The decedent's ex-wife was appointed personal representative of his estate. 101 Wash.2d at 468, 680 P.2d 58. After she filed a final report and a petition for distribution, a different adult, Daniel Huntington, filed a wrongful death action against the hospital on behalf of the decedent's children, claiming the hospital was liable for the decedent's death. Id. Setting aside the fact that Huntington had not yet been properly appointed personal representative, we explained that in general, a wrongful death action must be commenced within three years of the date of death. Id. The court then noted that it had "uniformly held only the personal representative may bring a wrongful death action." Id. at 469, 680 P.2d 58 (emphasis added).
The tolling statute, RCW 4.16.190, thus becomes operative only if the personal representative, the "person entitled to bring an action", is disabled. Consequently, the statute of limitations is not tolled by the minority of the statutory beneficiaries.
Id. The Huntington court explained that its holding was dictated by Washington's clear statutory scheme and any formulation of a new policy was the responsibility of the legislature, not the courts. Id. at 470, 680 P.2d 58.
¶ 16 Despite the Huntington court's holding, Kaela argues that her minority at the time the action accrued should toll the statute of limitations because she was more than simply a beneficiary; eventually she was appointed personal representative. But *666 wrongful death actions are purely statutory. Id. The tolling statute applies only to "a person entitled to bring an action," RCW 4.16.190, and the personal representative is the only person who fits that requirement. At the time the action accrued, Kaela could not have been appointed personal representative, she could not have been "entitled to bring [the] action," and thus we conclude that the tolling statute cannot apply. RCW 4.16.190; RCW 11.36.010; Huntington, 101 Wash.2d at 469, 680 P.2d 58.
¶ 17 Among states whose statutory scheme is similar to ours in that only the personal representative can bring a wrongful death action, the majority has held that a child-heir's minority cannot toll the statute of limitations because the child cannot bring the action. They reason that the wrongful death action is purely a creature of statute, the statutes grant only the personal representative the right to sue, a minor child cannot be a personal representative, he or she is not entitled to bring the action, and therefore the child's minority cannot toll the statute of limitations. Beverage v. Harvey, 602 F.2d 657, 658-59 (4th Cir.1979); Engle Bros., Inc. v. Superior Court, 23 Ariz.App. 406, 533 P.2d 714, 716 (1975); Gomez v. Leverton, 19 Ariz. App. 604, 509 P.2d 735, 737 (1973); Group Health Ass'n v. Gatlin, 463 A.2d 700, 701-02 (D.C.App.1983); Southerland v. Hammond, 693 N.E.2d 74, 77 (Ind.App.1998); Van Vactor's Admx. v. Louisville & N.R.R. Co., 112 Ky. 445, 447-48, 66 S.W. 4 (1902); Cugell v. Sani-Wash Laundry Co., 280 Mich. 286, 288-89, 273 N.W. 571 (1937). These courts sometimes explain that had the legislature intended for the child's minority to toll the statute of limitations, then the legislature would have given the child the right of action. E.g., Group Health, 463 A.2d at 700-01 ("[T]here is no legislatively recognized policy to toll the period to permit heirs to bring the action.").
¶ 18 In contrast, a minority of courts has allowed tolling of the statute of limitations based on a beneficiary's minority. Hernandez v. N.Y. City Health & Hosps. Corp., 78 N.Y.2d 687, 585 N.E.2d 822, 578 N.Y.S.2d 510 (1991); Haakanson v. Wakefield Seafoods, Inc., 600 P.2d 1087 (Alaska 1979). These courts have done so primarily based on public policy grounds. Hernandez, 578 N.Y.S.2d 510, 585 N.E.2d at 825-26; Huntington, 101 Wash.2d at 470, 680 P.2d 58 (discussing Haakanson, 600 P.2d 1087). But this court rejected such reasoning in Huntington, explaining that it could allow tolling based on a beneficiary's minority "only by rewriting a clear statute." Huntington, 101 Wash.2d at 470, 680 P.2d 58. Because wrongful death actions are strictly statutory, "formulation of a new policy with regard to this statutory cause of action is the responsibility of the Legislature, not a task for this court." Id.[4]
¶ 19 More importantly, the trial court expressed a legitimate concern. Kaela suggests that we read the statutory scheme to allow tolling whenever an appointed personal representative was a minor at the time the action accrued. Br. of Appellant at 5-6. However, as the trial court recognized, such a holding would allow clever litigants to sidestep the statute of limitations by choosing a personal representative who happened to be a minor when the action accrued. RP at 19. Given that the purpose of a statute of limitations is to provide finality, Dodson, 159 Wash. at 596, 294 P. 265 (quoting Koons, 271 U.S. at 58, 46 S.Ct. 405), we find it unlikely that the legislature intended such a loophole.
¶ 20 Our statutory scheme grants only the personal representative the right to sue for wrongful death; a minor child cannot be a personal representative, and thus, Kaela could not have been a person entitled to bring the wrongful death action when the action accrued. RCW 4.20.010; RCW 11.36.010; RCW 4.16.190. Thus, the statute of limitations did not toll during her minority. *667 See Huntington, 101 Wash.2d at 469, 680 P.2d 58.
¶ 21 We conclude that the statute of limitations did not toll and that the time for filing expired before Kaela filed her complaint. We affirm the trial court's dismissal on these grounds. We therefore need not address Great Western's alternative arguments.

III

Conclusion
¶ 22 Washington's wrongful death statute, our statute governing the appointment of a personal representative, our wrongful death statute of limitations, and our tolling statute all coincide such that we must affirm the trial court's dismissal of this case. While the result is unfortunate for some minors who are beneficiaries of wrongful death actions, this area of the law is governed exclusively by statute. The legislature could amend the statutory scheme to give minor beneficiaries a right of action, thereby making them eligible for tolling. Or the legislature could explicitly allow for tolling of the statute of limitations during the minority of the decedent's heirs. But we cannot ignore the plain language of the current legislative scheme. We affirm the trial court's dismissal of this action.
WE CONCUR: GERRY L. ALEXANDER, Chief Justice, TOM CHAMBERS, CHARLES W. JOHNSON, SUSAN OWENS, BARBARA A. MADSEN, MARY E. FAIRHURST, RICHARD B. SANDERS and JAMES M. JOHNSON, Justices.
NOTES
[1] Great Western cross-appealed, arguing that the trial court should have also adopted its alternative bases for dismissal. But we need not address these arguments.
[2] In some cases, the statute allows others to be appointed personal representative, but none of those provisions is relevant to the facts of this case. See RCW 11.28.120(3), (5).
[3] In Nelson v. Schubert, 98 Wash.App. 754, 760, 994 P.2d 225 (2000), the Court of Appeals held that where a victim simply disappeared, a wrongful death action accrued when the statutory presumption of death attached seven years after the victim's disappearance. In doing so, the Nelson court stated that a cause of action accrues and the statute of limitations begins to run "when a party has the right to apply to a court for relief." Id. at 759, 994 P.2d 225. While this sentence, read alone, might suggest that a wrongful death action would not accrue until a personal representative is appointed, the Nelson court distinguished that case from Dodson, explaining that in Dodson there was no dispute about the date of death from which to measure the statute of limitations. Id. at 761, 994 P.2d 225. Thus, the Nelson court did not call Dodson into question.
[4] The New York court allowed tolling in very limited circumstances where a sole minor heir was left without a guardian or other adult who could serve as personal representative. Hernandez, 578 N.Y.S.2d 510, 585 N.E.2d at 825. But in this case, the limited record we have indicates that Kaela's mother was her legal guardian. Clerk's Papers at 53. Nothing in the record explains why she did not seek appointment as personal representative in order to protect Kaela's interests.