# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MICAH SCHNALL, | ) | NO. 68516-3-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL | ) | |
| TRUST COMPANY, MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, and JOHN DOEs | ) | UNPUBLISHED OPINION |
| inclusive 1 through 20, | ) | |
| | ) | FILED: November 18, 2013 |
| Respondents. | ) | |
| | ) | |

LAU, J. — Micah Schnall appeals the CR 12(b)(6) dismissal of his complaint against Deutsche Bank National Trust Company and Mortgage Electronic Registration Systems (MERS), claiming violations of the Consumer Protection Act (CPA), chapter 19.86 RCW, and the deeds of trust act (DTA), chapter 61.24 RCW. Schnall also appeals the denials of a preliminary injunction and a motion to amend his complaint. Because Schnall's complaint alleged facts that, if proved at trial, would entitle him to some relief, we reverse in part and remand for further proceedings.

## FACTS

In October 2006, Micah Schnall executed a promissory note in the amount of $460,000 to Quicken Loans. The loan was secured by a deed of trust encumbering

Schnall's real property in Redmond, Washington. The deed of trust identified Quicken Loans as the lender, Stewart Title as the trustee, and MERS, "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns," as the beneficiary. At some point, Schnall's loan was sold to a securitized trust known as "IndyMac INDX Mortgage Loan Trust 2006-AR39" (IndyMac Trust). Deutsche Bank serves as the trustee of the IndyMac Trust.

Schnall defaulted on the note. On August 18, 2010, MERS, "as nominee for Quicken Loans," assigned all beneficial interest in the deed of trust to Deutsche Bank in its capacity as trustee of the IndyMac trust. The following day, Deutsche Bank appointed Regional Trustee Services Corporation (RTSC) to succeed Stewart Title as trustee under the deed of trust. On August 24, 2010, RTSC issued Schnall a notice of default. RTSC scheduled a trustee's sale for June 10, 2011.[1]

On June 3, 2011, Schnall sued Deutsche Bank and MERS, alleging violations of the CPA, chapter 19.86 RCW and the DTA, chapter 61.24 RCW.[2] Schnell sought damages, declaratory relief, and a preliminary injunction restraining the trustee's sale.

On July 27, 2011, the trial court denied Schnall's motion for a preliminary injunction.[3] On November 10, 2011, Deutsche Bank and MERS moved to dismiss the suit under CR 12(b)(6). Schnall subsequently moved to amend the complaint to add

---

[1] The trustee's sale was originally scheduled for February 11, 2011, but was stayed when Schnall filed for bankruptcy.

[2] Schnall also alleged violations of the federal Truth in Lending Act and Real Estate Settlement Procedures Act, but he abandoned those claims on appeal.

[3] Schnall filed a second motion for a preliminary injunction, which was denied on November 17, 2011.

RTSC as a defendant and to incorporate additional facts and claims. The superior court dismissed Schnall's complaint without prejudice and denied Schnall's motion to amend the complaint. The trial court subsequently denied Schnall's motion for reconsideration.[4] Schnall appeals.

<u>ANALYSIS</u>

As a preliminary issue, we note that a dismissal without prejudice is not appealable as a matter of right unless its effect is to determine the action and prevent a final judgment or to discontinue the action. RAP 2.2(a)(3); <u>Munden v. Hazelrigg</u>, 105 Wn.2d 39, 44, 711 P.2d 295 (1985). As Schnall's reply brief tacitly acknowledges, it is clear that the dismissal is not appealable under the above rule. The statute of limitations had not run, and Schnall would have been entitled to refile his complaint.[5]

However, RAP 5.1(c) provides that a notice of appeal of a decision that is not appealable will be treated as a notice for discretionary review. Under RAP 2.3(b)(2), discretionary review will be accepted if the superior court has committed probable error and the decision substantially limits the freedom of a party to act. Although neither party has addressed the factors in RAP 2.3(b)(2), for the reasons discussed below, we conclude that this appeal meets that standard and we accept discretionary review.

---

[4] Though Schnall appealed the denial of his motion for reconsideration, he did not assign error to this order or otherwise challenge it on appeal. We therefore do not address it. See RAP 10.3(a)(4), (6).

[5] See RCW 19.86.120 (limitations period for CPA claims is four years from the accrual of the cause of action); RCW 61.24.127 (limitations period for claims made under the DTA is two years from the date of the foreclosure sale).

## Standard of Review

Under CR 12(b)(6), a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The superior court properly dismisses a claim pursuant to CR 12(b)(6) only "'f it appears beyond a reasonable doubt that no facts exist that would justify recovery.'" Atchison v. Great W. Malting Co., 161 Wn.2d 372, 376, 166 P.3d 662 (2007) (quoting Cutler v. Phillips Pet. Co., 124 Wn.2d 749, 755, 881 P.2d 219 (1994)). For purposes of a CR 12(b)(6) motion, we presume the plaintiff's allegations in the complaint to be true. Cutler, 124 Wn.2d at 755. Moreover, in determining whether dismissal is warranted, we may consider hypothetical facts outside of the record. Burton v. Lehman, 153 Wn.2d 416, 422, 103 P.3d 1230 (2005). We review a CR 12(b)(6) dismissal de novo. Atchison, 161 Wn.2d at 376.

Rulings on motions to amend the complaint and for an injunction are within the discretion of the trial court and may be reversed only for a manifest abuse of discretion. See Lincoln v. Transamerica Inv. Corp., 89 Wn.2d 571, 577, 573 P.2d 1316 (1978) (addressing motions to amend); Resident Action Council v. Seattle Hous. Auth., 177 Wn.2d 417, 428, 300 P.3d 376 (2013) (grant or denial of an injunction). A superior court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

## Deeds of Trust Act

Schnall alleges that the notice of default violated the DTA because it "did not clearly specify a beneficiary or noteholder, depriving Plaintiff of the opportunity to scrutinize and defend against action by the anonymous initiator of foreclosure action."

As we have done in recent cases raising similar issues, including Walker v. Quality Loan Service Corp., ___ Wn. App. ___, 308 P.3d 716 (2013), and Bavand v. OneWest Bank, F.S.B., ___ Wn. App. ___, 309 P.3d 636 (2013), we characterize Schnall's claims of "wrongful foreclosure" as claims of damages arising from violations of the DTA.

Under the DTA, "only a proper beneficiary has the power to appoint a successor to the original trustee named in the deed of trust." Bavand, 309 P.3d at 720. Moreover, "only a properly appointed trustee may conduct a nonjudicial foreclosure." Bavand, 309 P.3d at 642. Accordingly, "when an unlawful beneficiary appoints a successor trustee, the putative trustee lacks the legal authority to record and serve a notice of trustee's sale." Walker, 308 P.3d at 720-21.

Approximately eight months after the dismissal of Schnall's complaint, the Washington Supreme Court issued its decision in Bain v. Metropolitan Mortgage Group, Inc., 175 Wn.2d 83, 93, 285 P.3d 34 (2012). Bain held that MERS is "an ineligible 'beneficiary within the terms of the Washington Deed of Trust Act,' if it never held the promissory note or other debt instrument secured by the deed of trust." Bain, 175 Wn.2d at 110. Instead, "only the actual holder of the promissory note or other instrument evidencing the obligation may be a beneficiary with the power to appoint a trustee to proceed with a nonjudicial foreclosure on real property." Bain, 175 Wn.2d at 89.

Here, Schnall alleges that MERS never held his note and, therefore, lacked authority to act as a beneficiary under the DTA. He further alleges that if MERS was not the holder, it lacked the authority to assign the deed of trust and note to Deutsche Bank. Finally, Schnall reasons, because the assignment to Deutsche Bank was ineffective,

Deutsche Bank's designation of RTSC as successor trustee was also ineffective, and RTSC lacked authority to initiate nonjudicial foreclosure proceedings. For the purpose of this appeal, we accept Schnall's allegations as true. Thus, Schnall has pleaded facts sufficient to show a violation of the DTA.

Deutsche Bank and MERS attempt to distinguish Bain, arguing that the assignment executed by MERS is valid because MERS acted solely as an agent for the lender, Quicken Loans. But this same argument was raised and rejected in Bain:

> MERS attempts to sidestep this portion of traditional agency law by pointing to the language in the deeds of trust that describe MERS as "acting solely as a nominee for Lender and Lender's successors and assigns." But MERS offers no authority for the implicit proposition that the lender's nomination of MERS as a nominee rises to an agency relationship with successor noteholders. MERS fails to identify the entities that control and are accountable for its actions. It has not established that it is an agent for a lawful principal.

Bain, 175 Wn.2d at 107 (citations and footnote omitted). Moreover, Schnall argues, MERS could not have been acting as an agent for Quicken Loans in assigning the loan to Deutsche Bank because, by the time of the assignment, Schnall's loan had been sold to the IndyMac trust.

Deutsche Bank and MERS also argue that Deutsche Bank proved it was the lawful holder by demonstrating physical possession of the note. But this situation was also addressed by Bain:

> The difficulty with MERS's argument is that if in fact MERS is not the beneficiary, then the equities of the situation would likely (though not necessarily in every case) require the court to deem that the real beneficiary is the lender whose interests were secured by the deed of trust or that lender's successors. If the original lender had sold the loan, that purchaser would need to establish ownership of that loan, either by demonstrating that it actually held the promissory note or by documenting the chain of transactions. Having MERS convey its "interests" would not accomplish this.

Bain, 175 Wn.2d at 111 (footnote omitted). At a hearing on Schnall's second motion for a preliminary injunction on September 27, 2011, counsel for Deutsche Bank presented Schnall's original note. But Schnall argues this was insufficient to show that Deutsche Bank was the holder of the note on the date that it appointed RTSC as trustee.

Presuming the facts stated by Schnall to be true, Schnall's claim under the DTA is a claim upon which relief could be granted. Accordingly, the superior court erred in dismissing this claim pursuant to CR 12(b)(6).

Schnall further argues that because the trustee's sale occurred outside the time limits of RCW 61.24.040(6), RTSC lacked the statutory authority to conduct the sale. Schnall concedes he did not raise this issue below. Even in the context of a CR 12(b)(6) motion, a litigant may not raise a legal issue for the first time on appeal when it has failed to do so in the lower court. RAP 2.5(a); Karlberg v. Otten, 167 Wn. App. 522, 531, 280 P.3d 1123 (2012) ("A failure to preserve a claim of error by presenting it first to the trial court generally means the issue is waived. While an appellate court retains the discretion to consider an issue raised for the first time on appeal, such discretion is rarely exercised."). (Citation omitted.) Moreover, Schnall failed to name RTSC as a party in his original complaint. We decline to address this issue.

Consumer Protection Act

Under Washington's CPA, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful." RCW 19.86.020. To prevail on a CPA claim, a plaintiff must prove (1) the defendant engaged in an unfair or deceptive act or practice, (2) that the act occurred in trade or commerce, (3) that the act affects the public interest, (4) that the plaintiff suffered injury

-7-

to his business or property, and (5) the injury was causally related to the act. <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wn.2d 778, 780, 719 P.2d 531 (1986). The failure to establish even one of these elements is fatal to the claim. <u>Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.</u>, 162 Wn.2d 59, 74, 170 P.3d 10 (2007).

Schnall's opening brief devotes a mere two sentences to his CPA claim. He cites only to <u>Bain</u>, arguing that <u>Bain</u> "indicates there may be a Consumer Protection Act violation, where the Deed of Trust seeks to label MERS as beneficiary." Appellant's Br. at 18. But <u>Bain</u> held that only the first and third criteria are presumptively met when MERS is characterized as the beneficiary in a deed of trust; it did not hold that the injury and causation elements were conclusively established. Schnall has not argued on appeal that his complaint adequately pleaded all five criteria of a CPA claim. This court will not consider arguments that an appellant has not developed in its opening brief and for which the appellant has cited no authority. <u>State v. Bello</u>, 142 Wn. App. 930, 932 n.3, 176 P.3d 554 (2008); <u>see also</u> <u>Saunders v. Lloyd's of London</u>, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) ("Absent adequate, cogent argument and briefing, we decline to wander through the complexities of the Consumer Protection Act."). We therefore hold that Schnall has abandoned his CPA claim on appeal.

<u>Motion to Amend Complaint</u>

Schnall assigns error to the superior court's denial of his motion to amend his complaint to add RTSC as a party and to incorporate additional facts and claims.[6] Once

---

[6] Schnall's amended complaint included claims for misrepresentation, breach of contract, and deprivation of due process.

a responsive pleading has been filed, a party may only amend its pleading by leave of court or written consent of the opposing party. CR 15(a). Leave to amend a pleading "shall be freely given when justice so requires." CR 15(a). However, in deciding whether to grant a motion to amend, "the court may consider the probable merit or futility of the amendments requested." Doyle v. Planned Parenthood of Seattle-King County, Inc., 31 Wn. App. 126, 131, 639 P.2d 240 (1982).

Schnall contends that the superior court erred because it gave no explanation for its denial of leave to amend the complaint. The written order denying Schnall's motion does not provide a basis for the superior court's ruling. But the superior court heard argument on Schnall's motion and made an oral ruling that same day. Schnall does not provide a transcript of the hearing.[7] Schnall has the burden of perfecting the record so that this court has before it all of the evidence relevant to the issue. RAP 9.2(b); State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012). He has not done so. Absent an affirmative showing of error, we presume a superior court's decision to be correct. Resident Action Council v. Seattle Housing Auth., 177 Wn.2d 417, 446, 300 P.3d 376 (2013).

Denial of Preliminary Injunction

Finally, Schnall argues that the superior court erred in denying his repeated motions for a preliminary injunction. But an issue is "'technically moot if the court cannot provide the basic relief originally sought, or can no longer provide effective

---

[7] It appears from the record that the hearing was not recorded. But the rules of appellate procedure contain provisions for circumstances where relevant transcripts of the superior court proceedings are unavailable. Schnall has failed to provide either a narrative report of proceedings authorized by RAP 9.3 or an agreed report of proceedings as described in RAP 9.4.

relief.'" IBF, LLC v. Heuft, 141 Wn. App. 624, 630-31, 174 P.3d 95 (2007) (quoting Josephinium Assocs. v. Kahli, 111 Wn. App., 617, 622, 45 P.3d 627 (2002).[8] Here, the trustee's sale has already occurred; the action sought to be enjoined can no longer be prevented. While Schnall has alleged facts that could establish that the trustee's sale did not lawfully comply with the DTA, the relief he seeks cannot be provided by this court. Thus, we do not address whether the superior court erred in denying the preliminary injunction.[9]

## CONCLUSION

We reverse the superior court's CR 12(b)(6) dismissal of Schnall's claim for violation of the DTA. We affirm the dismissal of the CPA claim. We also affirm the superior court's denial of Schnall's motion to amend his complaint and the denial of the preliminary injunction. We remand for further proceedings.

WE CONCUR:

_____  
Leach, C.J.

_____  
J.

_____  
Becker, J.

---

[8] There are exceptions that permit a court to reach a moot issue, but these exceptions do not apply to this case.

[9] Schnall contends that the superior court erred in making findings of fact in its order of dismissal pursuant to CR 12(b)(6). However, as Deutsche Bank and MERS point out, the findings to which Schnall assigns error were made in support of the order denying the preliminary injunction, not the order of dismissal. See San Juan County v. No New Gas Tax, 160 Wn.2d 141, 154, 157 P.3d 831 (2007) (superior court required to make findings of fact when issuing a preliminary injunction).