FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE NOV 1 7 2016

CHIEF JUSTICE

This opinion was filed for record

at 8:00 am on Nov 17, 2016

SUSAN L. CARLSON
SUPREME COURT CLERK

## IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SHANE FAST, JAMIE FAST, the marital community comprised thereof, ROBERT DALTON FAST, and the estate thereof,<br><br>        Petitioners,<br><br>v.<br><br>KENNEWICK PUBLIC HOSPITAL DISTRICT d/b/a KENNEWICK GENERAL HOSPITAL and d/b/a MID-COLUMBIA WOMEN'S HEALTH CENTER, a Washington public hospital district organized as a government entity, municipal, or quasi-municipal corporation; ADAM T. SMITH, D.O., individually and for the marital community with spouse or registered domestic partner Jane Doe Smith; GREGORY SCHROFF, M.D., individually and for the marital community with spouse or registered domestic partner Jane Doe Smith; and DOES 1 through 50,<br><br>        Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 92216-1<br><br>En Banc<br><br>Filed   NOV 17 2016 |

WIGGINS, J.—The medical negligence statute of limitations (MNSOL) requires filing a claim for medical negligence within three years of the allegedly negligent act or omission or within one year of when the negligence is or should have been discovered, whichever is later. RCW 4.16.350(3). The MNSOL may be tolled for one year upon the making of a good-faith request for mediation. RCW 7.70.110.

The general torts catchall statute of limitations is also three years. RCW 4.16.080(2). However, there is no tolling provision associated with the general torts catchall statute of limitations. We hold that in cases of wrongful death resulting from negligent health care, the MNSOL (RCW 4.16.350(3)) applies.

## FACTS

Jamie Fast entered into a doctor/patient relationship with Dr. Adam Smith and Kennewick Public Hospital District on January 25, 2008. Jamie[1] sought care because of difficulty conceiving and menstrual bleeding, which had been heavier and more prolonged than normal. At her first appointment, she completed medical history forms including questions regarding her health and the health of her relatives. Jamie noted that her grandmother had diabetes and both her parents had high cholesterol.

In late March 2008, Dr. Smith confirmed Jamie was pregnant. Jamie bled for the first few months of pregnancy—visiting the emergency room at least once for bleeding. Jamie phoned Dr. Smith's office multiple times to inquire about her bleeding. Each time, Jamie went to Dr. Smith for an examination or she had an ultrasound at the hospital. After each checkup or ultrasound, Dr. Smith assured Jamie that everything was fine or normal.

Several times during the pregnancy, Jamie mentioned excessive thirst and frequent urination to Dr. Smith and/or his nursing staff. She was assured that this was normal. During an August 8, 2008 visit, Jamie raised concerns about a 10 pound

---

[1] We refer to Jamie Fast by her first name to avoid confusion in this opinion. We intend no disrespect.

weight loss; again, she was reassured that her pregnancy was progressing normally. Also during this visit, a glucose challenge test was postponed. A glucose challenge test is designed to measure blood sugar and determine whether the mother is at risk for gestational diabetes. Neither Dr. Smith nor his nursing staff ever raised concerns about blood sugar, diabetes, high blood pressure, or weight loss during Jamie's pregnancy.

At Jamie's August 25, 2008 appointment, Dr. Gregory Schroff covered for Dr. Smith. Dr. Schroff scheduled a glucose challenge test four days later, on August 29, 2008, Jamie's first blood sugar test since establishing care with Dr. Smith. Jamie's blood glucose concentration was over six times the upper limit of normal—so high that Dr. Schroff did not believe the accuracy of the results. Dr. Schroff scheduled another blood sugar test the following day, August 30, 2008—these results indicated a glucose concentration over four times normal levels. Dr. Schroff admitted Jamie to the hospital for management of diabetes and pregnancy that same day. Jamie was 29 weeks pregnant.[2]

At the hospital, Dr. Schroff ordered intermittent fetal monitoring. The monitor detected fetal distress several times, indicating decelerations of the fetal heart rate. The nursing staff's response was to turn off the monitor, rather than to substitute a

---

[2] The Fasts presented evidence that the standard of care mandates blood glucose screening of all nondiabetic patients at 24 to 28 weeks of gestation. Clerk's Papers (CP) at 402.

different monitor or to expedite delivery of the unborn child.[3] No further action was taken. Dr. Schroff failed to review fetal monitor strips; Jamie and her husband, Shane Fast, presented evidence that the slips indicated that intervention was necessary.[4] Around 4 a.m. on August 31, 2008, nurses were unable to detect a fetal heartbeat—Jamie's unborn child had died. Later that day, Jamie delivered her stillborn baby. She has been an insulin-dependent type 2 diabetic since this stillbirth.

On August 26, 2011 the Fasts served requests for mediation on Drs. Smith and Schroff and the hospital that employed them, Kennewick Public Hospital District (collectively defendants). Under the MNSOL (RCW 4.16.350(3)), a good-faith mediation request tolls the statute of limitations for one additional year. RCW 7.70.110.[5] Defendants expressed no interest in mediating. On July 18, 2012, the Fasts

---

[3] We recognize that the loss of an unborn child is emotionally charged. Whether we use the term "unborn child" or "fetus," the loss is the same. Here, the cause of action at issue, RCW 4.24.010, addresses injury or death of a child, and accordingly we use the term "unborn child."

[4]     Dr. Schroff has an independent duty to review the EFM [electronic fetal monitoring] tracing to ensure fetal well being. His failure to do so allowed this fetus, who was showing evidence of uteroplacental insufficiency, to remain in-utero in a hostile environment. This failure to provide acceptable EFM surveillance culminated in the in-utero death of this fetus. Dr. Schroff's failure to diagnose EFM evidence of fetal compromise and appropriately intervene with a cesarean delivery represents a deviation in an acceptable standard of care.

CP at 404 (declaration of the Fasts' medical expert).

[5] RCW 7.70.110 states, "The making of a written, good faith request for mediation of a dispute related to damages for injury occurring as a result of health care prior to filing a cause of action under this chapter shall toll the statute of limitations provided in RCW 4.16.350 for one year."

4

filed a complaint against defendants "for injuries resulting from healthcare" and "injury or death of a child" under chapter 7.70 RCW and RCW 4.24.010, respectively. Clerk's Papers (CP) at 7-8 (Compl. at para. 5.1).

The relevant dates here are:

| 8/31/2008 | Death of unborn child |
|---|---|
| 8/26/2011 | The Fasts submit mediation request |
| *8/31/2011* | *Last day to file under the general torts catchall statute of limitations (RCW 4.16.080(2))* |
| 7/18/2012 | The Fasts file complaint |
| *8/31/2012* | *Last day to file under the MNSOL (RCW 4.16.350(3)) + mediation tolling (RCW 7.70.110)* |

Dr. Smith, joined by the other defendants, moved for summary judgment, on the ground that the wrongful death claim was barred by the general torts catchall statute of limitations and violation of a tort claim statute, which is not at issue here. The trial court granted summary judgment on both grounds. The Fasts appealed. Division Three upheld the summary judgment ruling that RCW 4.16.080(2), the general torts catchall statute of limitations, applies to actions for wrongful death caused by medical malpractice. *Fast v. Kennewick Pub. Hosp. Dist.*, 188 Wn. App. 43, 45-46, 53, ¶¶ 3, 27, 354 P.3d 858 (2015).[6] The Fasts petitioned for review on the general torts catchall statute of limitations question, and we granted review.

---

[6] The appellate court also reversed the trial court's dismissal of Jamie's injuries because the hospital failed to comply with a statutory requirement that it make available a tort claim form. *Fast*, 188 Wn. App. at 46, ¶ 4. Without an available tort claim form, the hospital was precluded from raising a defense of nonpresentment of a prefiling notice of claim. *Id.*

STANDARD OF REVIEW

We review matters of statutory interpretation de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002).

ANALYSIS

Our fundamental goal in statutory interpretation is to "discern and implement the legislature's intent." *State v. Armendariz*, 160 Wn.2d 106, 110, ¶ 7, 156 P.3d 201 (2007). The court discerns legislative intent from the plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole. *Campbell & Gwinn*, 146 Wn.2d at 9-10.

The Fasts argue for the application of the three-year MNSOL (RCW 4.16.350(3)) with an additional year of tolling for a good-faith mediation request. RCW 7.70.110. The defendants argue for the application of the general torts catchall statute of limitations (RCW 4.16.080(2)), and the Court of Appeals agreed.

It is undisputed that the Fasts' claim is a wrongful death action against health care providers for the death of an unborn child resulting from allegedly negligent health care. CP at 7-8 (Compl. at para. 5.1); Resp'ts' Opp'n to Pet. for Review at 2. The Fasts seek to recover damages for the loss of their minor child, RCW 4.24.010,[7]

---

[7] For purposes of RCW 4.24.010, a viable unborn child is included in the statutory definition of "minor child." *Moen v. Hanson*, 85 Wn.2d 597, 599, 537 P.2d 266 (1975). The parties do not dispute that the 29-week old unborn child was viable.

caused by allegedly negligent health care provided to the mother. RCW 4.24.010 (injury or death of a child) expressly provides that parents can recover for the wrongful death of a minor child.[8]   However, RCW 4.24.010[9] neither includes nor expressly incorporates a statute of limitations. We hold that in cases of wrongful death resulting from negligent health care, the MNSOL (RCW 4.16.350(3)) applies.

*RCW 4.16.350(3)—Medical Negligence Statute of Limitations*

Washington's medical negligence statute is codified in chapter 7.70 RCW. The legislature began with a declaration of intent that chapter 7.70 RCW would govern all actions for damages resulting from health care:

> The state of Washington, exercising its police and sovereign power, hereby modifies as set forth in this chapter and in RCW 4.16.350, as now or hereafter amended, certain substantive and procedural aspects of *all civil actions and causes of action*, whether based on tort, contract, or

---

[8] This action has been repeatedly characterized by Washington cases as an action for "wrongful death." *E.g., Lockhart v. Besel*, 71 Wn.2d 112, 116, 426 P.2d 605 (1967); *Clark v. Icicle Irrig. Dist.*, 72 Wn.2d 201, 205-06, 432 P.2d 541 (1967); 16 David K. DeWolf and Keller W. Allen, Washington Practice: Tort Law and Practice § 7:3, at 344 (4th ed. 2013) (characterizing RCW 4.24.010 as one of the "five statutes in Washington that govern wrongful death actions").

[9] RCW 4.24.010, in pertinent part, states,

> A mother or father, or both, who has regularly contributed to the support of his or her minor child . . . may maintain or join as a party an action as plaintiff for the injury or death of the child.
>
> . . . .
>
> In such an action, in addition to damages for medical, hospital, medication expenses, and loss of services and support, damages may be recovered for the loss of love and companionship of the child and for injury to or destruction of the parent-child relationship in such amount as, under all the circumstances of the case, may be just.

otherwise, for damages for injury occurring as a result of health care which is provided after June 25, 1976.

RCW 7.70.010 (emphasis added). "[W]henever an injury occurs as a result of health care, the action for damages for that injury is governed exclusively by RCW 7.70." *Branom v. State*, 94 Wn. App. 964, 969, 974 P.2d 335 (1999).

Prior to 1971, there was no separate medical malpractice statute of limitations. Medical negligence cases fell within the limitation statutes applicable to all tort claims. *Bixler v. Bowman*, 94 Wn.2d 146, 148, 614 P.2d 1290 (1980); *Wood v. Gibbons*, 38 Wn. App. 343, 346-47, 685 P.2d 619 (1984). "In 1971 the Washington Legislature, in harmony with the nationwide trend to limit recovery by medical malpractice victims, enacted RCW 4.16.350, which governs the statute of limitations for medical malpractice suits."[10] Donna L. Walker, Recent Case, Bixler v. Bowman, 94 Wn. 2d 146, 614 P.2d 1290 (1980), 16 GONZ. L. REV. 825, 833 (1980).

The pertinent provisions of RCW 4.16.350 provide,

Any civil action for damages for injury occurring as a result of health care which is provided after June 25, 1976, against:

(1) A person licensed by this state to provide health care or related services, including, but not limited to, a physician . . . .

. . . .

(3) . . . based upon alleged professional negligence shall be commenced within three years . . . .

---

[10] The statute, RCW 4.16.350, was again amended in 1976, which is the version currently governing medical negligence. *Wood*, 38 Wn. App. at 347.

RCW 4.16.350 and RCW 7.70.110 neither expressly include nor exclude wrongful death actions. The broad language of RCW 4.16.350 and RCW 7.70.110 is illuminated by other provisions of chapter 7.70 RCW that specifically mention "death" or "wrongful death" resulting from medical negligence. RCW 7.70.090 states:

> Members of the board of directors or other governing body of a public or private hospital are not individually liable for *personal injuries or death* resulting from health care administered by a health care provider granted privileges to provide health care at the hospital unless the decision to grant the privilege to provide health care at the hospital constitutes gross negligence.

(Emphasis added.) The grant of limited immunity from liability for death, while not implicated in this case, implies that such a liability exists under chapter 7.70 RCW.[11]

Additionally, claim reporting requirements found in RCW 7.70.140(2)(a) also support the conclusion that the medical malpractice statutes apply to claims for wrongful death. RCW 7.70.140(1)(a)-(b). The incorporated statutes define "claim" as "a demand for monetary damages for *injury or death* caused by medical malpractice, and a voluntary indemnity payment for *injury or death* caused by medical malpractice made in the absence of a demand for monetary damages." RCW 48.140.010(1). (emphasis added). Similarly, RCW 48.140.010(2) defines "claimant" as "a person, including *a decedent's estate*, who is seeking or has sought monetary damages for *injury or death* caused by medical malpractice." (Emphasis added.) Accordingly, we

---

[11] "'A grant of immunity from liability clearly implies that civil liability can exist in the first place.'" *Beggs v. Dep't of Soc. & Health Servs.*, 171 Wn.2d 69, 78, ¶ 16, 247 P.3d 421 (2011) (quoting *Jane Doe v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, 141 Wn. App. 407, 422-23, 167 P.3d 1193 (2007)).

conclude that the legislature intended to subject wrongful death claims caused by medical negligence to the provisions of chapter 7.70 RCW.

RCW 7.70.150(1) also displays the legislative intent to include wrongful death claims under chapter 7.70 RCW. Although this provision has been struck down as unconstitutional, it has not been repealed. *Putman v. Wenatchee Valley Med. Ctr., PS,* 166 Wn.2d 974, 977, ¶ 1, 216 P.3d 374 (2009). RCW 7.70.150(1) provides in part:

> In an action against an individual health care provider under this chapter for *personal injury or wrongful death* in which the injury is alleged to have been caused by an act or omission that violates the accepted standard of care, the plaintiff must file a certificate of merit at the time of commencing the action. . . .

(Emphasis added.)

The repeated references to wrongful death claims in chapter 7.70 RCW strongly suggest that the statute of limitations for medical malpractice should apply to all cases alleging medical negligence. But there is more evidence of legislative intent. In 1993, the legislature mandated mediation in health care malpractice claims and created a one-year tolling provision for mediation of medical malpractice claims. ENGROSSED SECOND SUBSTITUTE S.B. 5304, §§ 419-420, at 119-20, 53d Leg., Reg. Sess. (Wash. 1993). One of the stated legislative intents for this policy change was an attempt to "stabilize health services costs." *Id.* § 102, at 5. Mediation provides an opportunity to settle cases before resorting to litigation, which has the potential to decrease health care costs. Additionally, incentivizing alternative dispute resolution and cutting the tail off the discovery rule to protect health care providers and their insurers from stale claims furthers the legislature's intent to reduce the cost of medical

10

malpractice insurance, thereby potentially decreasing the cost of health care. Moreover, if medical negligence wrongful death claims are not subject to the tolling provisions of RCW 7.70.110, the legislature's intent for mediation in *all* medical malpractice claims would be thwarted. The references to wrongful death in chapter 7.70 RCW and the legislative intent of mandatory mediation in medical negligence cases weigh heavily in favor of concluding that RCW 4.16.350(3) applies to wrongful death suits caused by medical negligence.

*RCW 4.16.080(2)—General Torts Catchall Statute of Limitations*

The defendants argue and the Court of Appeals held that the general torts catchall statute of limitations (RCW 4.16.080(2)) applies to wrongful death in medical negligence cases. *Fast*, 188 Wn. App. at 53, ¶ 27.

RCW 4.16.080, in applicable part, states,

The following actions shall be commenced within three years:

. . . .
(2)    An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other *injury* to the person or rights of another *not hereinafter enumerated* . . . .

(Emphasis added.)

In cases of medical negligence, the language of RCW 4.16.080(2), which provides that it is limited to actions "not hereinafter enumerated," requires application of the more specific MNSOL in RCW 4.16.350(3). Courts have recognized that RCW 4.16.080(2) imposes a catchall provision that serves as a statute of limitations for any cases that do not fit into other enumerated limitation statutes. *Stenberg v. Pac. Power*

& *Light Co.*, 104 Wn.2d 710, 721, 709 P.2d 793 (1985). The *Fast* case falls squarely under RCW 4.16.350(3) (MNSOL), thus, RCW 4.16.080(2) (general torts catchall statute of limitations) does not apply.

The Court of Appeals concluded that RCW 4.16.350(3) does not apply to actions for death of a child under RCW 4.24.010 caused by medical negligence, relying on *Wills* and legislative acquiescence to that decision. *See Fast*, 188 Wn. App. at 51-53, ¶¶ 21-26 (citing *Wills v. Kirkpatrick*, 56 Wn. App. 757, 760-63, 785 P.2d 834 (1990)). However, the Court of Appeals relied on cases applying the general torts catchall statute of limitations to claims that were not brought under the wrongful death of a child statute[12] but rather under a different wrongful death statute, RCW 4.20.010 (wrongful death—right of action).[13] Additionally, the appellate court quotes the "not hereinafter enumerated" language of RCW 4.16.080(2) but does not engage in any statutory discussion of this provision. *Fast*, 188 Wn. App. at 50, ¶ 19. Moreover, *Fast*'s reliance on *Wills* is misplaced as *Wills* never provided any statutory analysis of the "not hereinafter enumerated" language in RCW 4.16.080(2).

## *Wills v. Kirkpatrick*

---

[12] *Fast* is the only Washington appellate court decision to address the statute of limitations applicable to claims for injury or death of a child under RCW 4.24.010.

[13] *See Fast*, 188 Wn. App. at 45-46, 50, ¶¶ 3, 19 (citing *Wills*, 56 Wn. App. at 757 (addressing RCW 4.20.010); *Atchison v. Great W. Malting Co.*, 161 Wn.2d 372, 377, ¶ 11, 166 P.3d 662 (2007) (same); *Beal v. City of Seattle*, 134 Wn.2d 769, 776, 954 P.2d 237 (1998) (same); *White v. Johns-Manville Corp.*, 103 Wn.2d 344, 348, 693 P.2d 687 (1985) (same); *Dodson v. Cont'l Can Co.*, 159 Wash. 589, 294 P. 265 (1930) (involving REM. COMP. STAT. § 183); *Bader v. State*, 43 Wn. App. 223, 227, 716 P.2d 925 (1986) (involving wrongful death of an adult, but not citing statute). Neither party has challenged the helpfulness of these cases in analyzing the death of a child under RCW 4.24.010.

*Wills* was a wrongful death claim brought against a physician alleging medical malpractice. The Court of Appeals considered "whether the medical malpractice statute of limitations applies to an action of wrongful death based on medical malpractice." *Wills*, 56 Wn. App. at 758. The *Wills* court quoted the "not hereinafter enumerated" language of RCW 4.16.080(2) but failed to engage in any statutory discussion of this provision. *Id*. at 760. Instead, it analyzed the question of "whether 'damages for injury' should be interpreted broadly to apply to injury to statutory beneficiaries in a wrongful death claim or should be limited to injury suffered by the patient." *Id*. at 761. It construed the undefined phrase "damages for injury" as used in RCW 4.16.350(3) to exclude wrongful death claims. *Id*. It also simultaneously interpreted the undefined term "injury" as used in RCW 4.16.080(2) to include wrongful death claims, without explaining the incongruity resulting from the differing interpretations of similar statutory language. *Id*. at 760. Additionally, the *Wills* court did not acknowledge the previously mentioned provisions of chapter 7.70 RCW that contemplate or specifically reference wrongful death. *See* RCW 7.70.090, .140(2)(a), .150(1).

The reasoning of the appellate court in *Wills* is also somewhat undermined by the court's conclusion that it would be "illogical" that a "claim could be barred even before death triggers accrual of the right to bring the action" if the medical negligence accrual point was applied to wrongful death claims. *Wills*, 56 Wn. App. at 762. However, this court has recently reached the same result that the *Wills* court considered so illogical. *Deggs v. Asbestos Corp.*, No. 91969-1, slip op. at 19, 20

13

(Wash. Oct. 6, 2016), http://courts.wa.gov/opinions/pdf/919691.pdf (the statute of limitations on Sunderberg's underlying claim lapsed during his life, and thus the wrongful death suit was properly dismissed). Here, we are not faced with this issue since death of the plaintiff's unborn child and the last act/omission of health care were virtually simultaneous.

Respondents claim that this court's denial of review of *Wills* and legislative inaction over the past 25 years is de facto acceptance of the appellate court's decision. Resp'ts' Opp'n to Pet. for Review at 1. Our denial of review "has never been taken as an expression of the court's implicit acceptance of an appellate court's decision." *Matia Contractors, Inc. v. City of Bellingham*, 144 Wn. App. 445, 452, ¶ 12, 183 P.3d 1082 (2008). And "evidence of legislative acquiescence is not conclusive, but is merely one factor to consider." *Safeco Ins. Companies v. Meyering*, 102 Wn.2d 385, 392, 687 P.2d 195 (1984). Respondents also assert that the *Wills* decision has a stare decisis effect on this court. Resp'ts' Opp'n to Pet. for Review at 10. However, we are not bound by a Court of Appeals decision. *Bunch v. King County Dep't of Youth Servs.*, 155 Wn.2d 165, 181, ¶ 29, 116 P.3d 381 (2005). A Court of Appeals decision has no stare decisis effect on this court.

Furthermore, a decision based on *Wills* also leads to absurd results.[14] Jamie can recover for the loss of her pregnancy but not the loss of her unborn child resulting

---

[14] Since the date of death and last act/omission of health care in this case are virtually simultaneous, the choice of which accrual date to use makes no difference. We recognize that the accrual date in other cases may be crucial. *See Deggs*, slip op. at 19, 20.

from medical negligence. Jamie can recover for the lost chance of giving *live* birth even though she cannot recover for the loss of her unborn child. The Fasts can recover for injuries based on the unborn child's injuries under RCW 4.24.010 (injury or death of a child) but cannot recover for the death of this unborn child from those same injuries.

The very language of RCW 4.16.080(2) ("not hereinafter enumerated") confirms that the general torts catchall statute of limitations does not apply to cases based on medical negligence, which are enumerated in RCW 4.16.350. Accordingly, we hold that in cases of wrongful death resulting from negligent health care, the medical negligence statute of limitations (MNSOL) (RCW 4.16.350(3)) applies.

## CONCLUSION

The judgment of the Court of Appeals is reversed, and the case is remanded to the superior court for further proceedings consistent with this opinion.

_____
Wiggins, J.

WE CONCUR.

_____        _____
Johnson, J.                                  González, J.

_____        _____
Owens, J.                                     Worswick, J., P.T.

_____        _____
Stephens, J.                                  John McCloud, Jr.

                                             _____
                                             Yu, J.

*Fast, et al. v. Kennewick Pub. Hosp. Dist., et al.*

No. 92216-1

MADSEN, C.J. (concurring)—I agree with the majority that the broad language of

the medical negligence statute of limitation (MNSOL), RCW 4.16.350,[1] and the

modification of actions provisions found in RCW 7.70.010[2] compel application of the

---

[1] RCW 4.16.350 provides in relevant part:
> Any civil action for damages for injury occurring as a result of health care . . . against:
>> (1) A person licensed by this state to provide health care or related services, including . . . a physician . . . .
>>       . . . .
>>       (3) . . . based upon alleged professional negligence shall be commenced within three years.

Further a one year tolling provision is provided in RCW 7.70.110 as follows:
> The making of a written, good faith request for mediation of a dispute related to damages for injury occurring as a result of health care prior to filing a cause of action under this chapter shall toll the statute of limitations provided in RCW 4.16.350 for one year.

[2] RCW 7.70.010 provides:
> The state of Washington, exercising its police and sovereign power, *hereby modifies* as set forth in this chapter and in RCW 4.16.350, as now or hereafter amended, certain substantive and procedural aspects of *all civil actions and causes of action*, whether based on tort, contract, or otherwise, for damages for injury *occurring as a result of health care* which is provided after June 25, 1976.

(Emphasis added.)

MNSOL upon the claim for death of a child here. I write separately to emphasize the limited scope of the decision in this case.

The present wrongful death claim, brought under the child death statute, RCW 4.24.010,[3] is based on alleged medical negligence. By its terms, the MNSOL applies to "[a]ny civil action" where damages for injury are alleged "as a result of health care." RCW 4.16.350. In RCW 7.70.010, the legislature expressly modified "as set forth in [chapter 7.70 RCW] and in RCW 4.16.350 . . . certain substantive and procedural aspects of *all civil actions and causes of action* . . . for damages for injury *occurring as a result of health care.*" RCW 7.70.010 (emphasis added). Here, the wrongful death action falls within the broad reach of the MNSOL because it is based on a claim for damages allegedly resulting from the provision of health care. A wrongful death action "derives from the wrongful act causing the death, rather than from the person of the deceased." *Johnson v. Ottomeier*, 45 Wn.2d 419, 423, 275 P.2d 723 (1954). Accordingly, under the facts of this case the MNSOL's three year statute of limitations, plus one year tolling for a good faith mediation request, applies to the child death claim. *See* RCW 4.16.350; RCW 7.70.110, .010. Restated, the MNSOL applies in this case because the wrongful death claim itself falls within the broad sweep of the "result of health care" provision of the noted statutes. *See id.* The application here of the MNSOL is not because the

---

[3] RCW 4.24.010 provides in relevant part:
> A mother or father, or both, who has regularly contributed to the support of his or her minor child . . . may maintain or join as a party an action as plaintiff for the injury or death of the child.

2

wrongful death claim is derivative of some personal claim that the decedent may have had. *See Johnson*, 45 Wn.2d at 423.

I acknowledge that this decision somewhat alters our wrongful death jurisprudence, but in a very limited way. This court has long recognized that the general torts (catchall) three year statute of limitations (SOL) applies to wrongful death claims.[4] *See, e.g., Robinson v. Balt. & Seattle Mining & Reduction Co.*, 26 Wash. 484, 490–91, 67 P. 274 (1901); *Dodson v. Cont'l Can Co.*, 159 Wash. 589, 592, 294 P. 265 (1930); *Cook v. Clallam County*, 27 Wn.2d 793, 795, 180 P.2d 573 (1947); *Huntington v. Samaritan Hosp.*, 101 Wn.2d 466, 468–69, 680 P.2d 58 (1984); *White v. Johns-Manville Corp.*, 103 Wn.2d 344, 348, 693 P.2d 687 (1985); *Beal v. City of Seattle*, 134 Wn.2d 769, 776, 954 P.2d 237 (1998); *Atchison v. Great W. Malting Co.*, 161 Wn.2d 372, 377, 166 P.3d 662 (2007); *see also Bader v. State*, 43 Wn. App. 223, 227, 716 P.2d 925 (1986). But, as discussed above, in the health care context the legislature has carved out an exception making the MNSOL applicable. Outside of the health care context, however, the general torts catchall three year SOL still applies.

Finally, I note that a wrongful death action itself remains a "separate and distinct" cause of action. *Bowers v. Fibreboard Corp.*, 66 Wn. App. 454, 460, 832 P.2d 523 (1992). This case does not change the distinct character of a wrongful death claim. It merely recognizes the exception that the legislature has carved out for all claims alleging

---

[4] RCW 4.16.080 provides in relevant part, "The following actions shall be commenced within three years: . . . (2) An action for . . . any other injury to the person or rights of another not hereinafter enumerated."

3

damages resulting from health care. Accordingly, this case is not an invitation to go behind any wrongful death action to the underlying harm in search of a potentially more favorable SOL. As noted, in all other contexts outside of death resulting from health care, the wrongful death action remains subject to the three year limitation period of RCW 4.16.080(2).

With these observations, I concur.

No. 92216-1
(Madsen, C.J., concurring)

_Madsen, C. J._