# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ALLYSON SOOCEY, personal representative of the Estate of Steven Daryl Soocey; and ESTATE OF STEVEN DARYL SOOCEY, | No. 53389-8-II |
| Appellant, | |
| v. | |
| CHI FRANCISCAN; ST. JOSEPH HOSPITAL, | UNPUBLISHED OPINION |
| Respondent. | |

GLASGOW, J.—Allyson Soocey alleged that her husband, Steven Daryl Soocey, died as the result of negligent health care provided by CHI Franciscan. The alleged negligence occurred on November 4, 2015, and Daryl died 10 days later on November 14, 2015. On November 13, 2018, Soocey brought a wrongful death claim against CHI Franciscan based on the death of her husband. The trial court granted summary judgment to CHI Franciscan and dismissed the case as barred by the three-year statute of limitations for claims based on medical negligence because Soocey brought suit more than three years after the alleged negligence occurred.

Soocey appeals, arguing that the trial court erred in applying the medical negligence statute of limitations, which measures from the date of the negligent act, rather than the general torts catchall statute of limitations, which measures from the date of death in wrongful death claims. She argues that *Fast v. Kennewick Public Hospital District*, 187 Wn.2d 27, 384 P.3d 232 (2016), which held that wrongful death claims based on negligent health care are subject to the medical negligence statute of limitations, does not apply in this case. Instead, she argues, this court should

apply previous Court of Appeals decisions that determined that all wrongful death claims are governed by the general torts statute of limitations.

Applying *Fast*, which explicitly held that wrongful death claims based on negligent health care are governed by the medical negligence statute of limitations, not the general torts statute of limitations, we conclude that Soocey's claim is barred because it was filed more than three years after the date of the alleged medical negligence. We affirm.

FACTS

The relevant underlying facts are not in dispute. In September 2015, CHI Franciscan doctors discovered that Daryl had a large brain tumor. The doctors recommended surgery and informed Daryl of the many risks associated with surgery, including that it could cause him to have difficulty swallowing. Daryl agreed to the surgery.

After the surgery, Daryl had difficulty swallowing, although this was an expected side effect of the surgery. He was discharged from the hospital but returned a few days later after becoming weak and falling at home. Soocey told the doctors that Daryl had developed chest congestion and a serious cough. The doctors put Daryl on oxygen and put him in the primary care unit to treat him for acute respiratory failure and pneumonia.

On November 4, 2015, Daryl developed shortness of breath and became unresponsive. Although he was resuscitated, he never regained consciousness. He died on November 14, 2015.

On November 13, 2018, Soocey filed a claim for wrongful death under RCW 4.20.010, claiming that Daryl's death was the result of the medical negligence of CHI Franciscan. The complaint alleged that CHI Franciscan nurses responded negligently when Daryl became short of breath while in the hospital on November 4, 2015, and their negligence caused his death. Soocey

later filed an amended complaint including claims for medical negligence under chapter 7.70 RCW on behalf of Daryl's estate.

CHI Franciscan moved for summary judgment, arguing that Soocey's claim was barred by the three-year statute of limitations for medical negligence claims because she filed the claim more than three years after the date of the alleged negligence. The trial court granted summary judgment and dismissed the case. Soocey appeals.

ANALYSIS

Soocey argues that the trial court erred in applying the three-year limitations period from the date of the alleged negligence, November 4, 2015, rather than from the date of her husband's death, November 14, 2015. We disagree. The Washington Supreme Court has determined that the medical negligence statute of limitations applies to all wrongful death claims based on medical negligence. *Fast*, 187 Wn.2d at 40. Under *Fast*, Soocey's claim is barred by the medical negligence statute of limitations.

A.    Statute of Limitations for Medical Negligence Claims and Wrongful Death Claims

Determining the applicable statute of limitations is a question of statutory interpretation that we review de novo. *In re Marriage of Goodyear-Blackburn*, 12 Wn. App. 2d 798, 801-02, 460 P.3d 202 (2020).

Chapter 7.70 RCW governs all actions for damages resulting from health care. RCW 7.70.010; *Fast*, 187 Wn.2d at 34. RCW 4.16.350 governs the statute of limitations for claims based on medical negligence. *Fast*, 187 Wn.2d at 34.

> Any civil action for damages for injury occurring as a result of health care . . . based upon alleged professional negligence *shall be commenced within three years of the act or omission alleged to have caused the injury or condition*, or one year of the time the patient or his or her representative discovered or reasonably should have

discovered that the injury or condition was caused by said act or omission, whichever period expires later.

RCW 4.16.350(3) (emphasis added).

The general three-year torts statute of limitations applies to "[a]n action for . . . any other injury to the person or rights of another not hereinafter enumerated." RCW 4.16.080(2). The three-year period under this statute of limitations applies generally to wrongful death actions and is measured from the date of death. *Wills v. Kirkpatrick*, 56 Wn. App. 757, 760, 785 P.2d 834 (1990), *abrogated by Fast*, 187 Wn.2d 27.

In 1990, this court held in *Wills* that the statute of limitations for claims based on medical negligence did not apply to wrongful death claims because the statute referred to damages for injury, but not death. *Id.* at 761-62. The *Wills* court reasoned that nothing in the medical negligence statute suggested "that the limitation of actions for medical malpractice embraces a claim for wrongful death." *Id.* at 762. The court held that the phrase "damages for injury" as used in the medical negligence statute of limitations, RCW 4.16.350(3), included only those injuries suffered by the patient, and excluded wrongful death claims, which compensate the decedent's beneficiaries for damages incurred as a result of the death of their loved one. *Wills*, 56 Wn. App. at 761; *see* RCW 4.20.010 (providing a right of action for wrongful death). Moreover, if the medical malpractice statute of limitations applied, then "such a claim could be barred even before death triggers accrual of the right to bring the action." *Wills*, 56 Wn. App. at 762. The *Wills* court concluded that this was not what the legislature intended. *Id.* at 763.

In 2015, Division Three followed *Wills*, in part because the legislature had acquiesced to the *Wills* holding for a quarter century. *Fast v. Kennewick Pub. Hosp. Dist.*, 188 Wn. App. 43, 52-

4

53, 354 P.3d 858 (2015). In *Fast*, Division Three applied the general tort statute of limitations to the Fasts' claim for the wrongful death of their child. *Id.* at 53.

Then the Supreme Court reversed, concluding instead that the medical negligence statute of limitations in RCW 4.16.350(3), which applies to claims made under chapter 7.70 RCW, must apply "in cases of wrongful death resulting from negligent health care." *Fast*, 187 Wn.2d at 33-34; *see* RCW 7.70.010. The *Fast* court relied on other provisions within chapter 7.70 RCW that mention "death" or "wrongful death" to conclude that "the legislature intended to subject wrongful death claims caused by medical negligence to the provisions of chapter 7.70 RCW." *Id.* at 35-36. The *Fast* court reasoned that the general torts statute of limitations only applies to actions "'not hereinafter enumerated,'" and so the more specific medical negligence statute of limitations in RCW 4.16.350(3) must apply in cases of medical negligence. 187 Wn.2d at 37 (quoting RCW 4.16.080(2)).

B.      Statute of Limitations Applicable to Soocey's Claim

Soocey attempts to distinguish the Supreme Court's decision in *Fast* from the facts of this case in several ways. Soocey argues that the Supreme Court's decision in *Fast* does not apply outside of cases arising under RCW 4.24.010, Washington's wrongful death of a child statute, because that was the statute directly at issue in *Fast*. Soocey reasons that her wrongful death claim is based on RCW 4.20.010, which the Court of Appeals analyzed in *Fast*, but which the Supreme Court did not analyze in its opinion because the Supreme Court determined that the Court of Appeals had analyzed the wrong statute.

Soocey argues that the Supreme Court in *Fast* explained that the Court of Appeals mistakenly analyzed RCW 4.20.010, the general wrongful death statute, instead of RCW 4.24.010,

the statute addressing wrongful death of a child. Thus, Soocey asserts, the Court of Appeals' analysis of RCW 4.20.010 was not actually disturbed by the Supreme Court's holding in *Fast*. In other words, Soocey claims that the Court of Appeals' holdings in *Fast* and *Wills* are still good law. She points specifically to a footnote in the Supreme Court's opinion in which the court noted that neither party had challenged whether the cases analyzing the general wrongful death statute, RCW 4.20.010, were helpful in analyzing the statute addressing the wrongful death of a child, RCW 4.24.010. *See Fast*, 187 Wn.2d at 38 n.13.

But the Supreme Court in *Fast* repeatedly used broad language to articulate its holding as applying generally to "cases of wrongful death resulting from negligent health care." *Id.* at 29, 33-34, 40. Throughout its analysis, the court referred broadly to wrongful death claims and did not limit its holding to claims based on the death of a child or to the specific facts of that case. Indeed, the court acknowledged the existence of other wrongful death statutes and stated that "[t]he repeated references to wrongful death claims in chapter 7.70 RCW strongly suggest that the statute of limitations for medical malpractice should apply to *all* cases alleging medical negligence." *Id.* at 36 (emphasis added). Had the Supreme Court intended to limit its holding to the wrongful death of a child statute, it would have used far different, more limiting language. Unlike the Supreme Court, which is free to limit *Fast* in the future, we are not permitted to ignore or overrule *Fast*'s broad holding. *See, e.g.*, *State v. Hairston*, 133 Wn.2d 534, 539, 946 P.2d 397 (1997).

Although the Supreme Court recognized in *Fast* that the Court of Appeals had analyzed the wrong statute for that case, it also noted that the Court of Appeals in both *Fast* and *Wills* did not engage in any statutory analysis of the "'not hereinafter enumerated'" language of RCW 4.16.080(2). *Fast*, 187 Wn.2d at 38. Moreover, the Supreme Court's discussion of *Wills* makes

clear that the court rejected the *Wills* court's reasoning that an "injury" in medical negligence cases does not include wrongful death. The Supreme Court noted that *Wills* incongruously interpreted "injury" in the medical negligence statute of limitations, RCW 4.16.350(3), to not include wrongful death while simultaneously concluding that "injury" in the catchall statute, RCW 4.16.080(2), did include wrongful death. *Fast*, 187 Wn.2d at 39. The Supreme Court further explained that "the *Wills* court did not acknowledge the previously mentioned provisions of chapter 7.70 RCW that contemplate or specifically reference wrongful death." *Id.* Thus, although the Supreme Court in *Fast* may have analyzed the issue under a different wrongful death statute than the one at issue here, it is clear that it disavowed *Wills*: "[W]e hold that in cases of wrongful death resulting from negligent health care, the medical negligence statute of limitations . . . (RCW 4.16.350(3)) applies." *Id.* at 40.

Soocey argues that even if this court determines that *Fast* is broadly applicable to all wrongful death claims, this court should nevertheless decline to apply *Fast* in this case because using the medical negligence statute of limitations would lead to absurd results. Specifically, Soocey argues that running the statute of limitations from the date of the negligent act in wrongful death cases, rather than from the date of the death, could lead to a situation where the wrongful death cause of action never materializes if the person dies more than three years after the medical negligence occurred. Because the wrongful death statute permits only the personal representative of the deceased's estate to bring a wrongful death claim, RCW 4.20.010, such a claimant cannot exist to bring a claim if the three-year period expires before the death occurs.

The Supreme Court recognized this possibility in *Fast*, but nevertheless held that wrongful death claims based on medical negligence are governed by the medical negligence statute of

limitations. The court noted that it had reached this very result—barring a wrongful death claim under the statute of limitations because the underlying claim lapsed during the deceased's life—in *Deggs v. Asbestos Corp.*, 186 Wn.2d 716, 732, 381 P.3d 32 (2016). *Fast*, 187 Wn.2d at 39. The Supreme Court declined to go into any further depth on this issue in *Fast* because the concern was not present in that case—the death and the last negligent act had occurred virtually simultaneously. *Id.*

Similarly here, the absurd result that Soocey alleges is not present in this case. Her husband died only 10 days after the last negligent act that allegedly caused his death, so Soocey had ample time to bring her claim before the statute of limitations lapsed. Furthermore, the medical negligence statute of limitations, RCW 4.16.350(3), provides another mechanism to prevent the injustice Soocey is concerned about. The Supreme Court recognized in *Gunnier v. Yakima Heart Center, Inc.*, "[t]hat [the] three-year period may lapse before injury occurs." 134 Wn.2d 854, 864, 953 P.2d 1162 (1998). But the *Gunnier* court explained that "[t]his conclusion is neither absurd nor harsh, as a plaintiff still has the alternative limitations period of the one-year discovery rule in which to file suit." *Id.*; *see* RCW 4.16.350(3). It is true that *Gunnier* was not a wrongful death case, but the reasoning would apply equally here.

Division Three has also recently followed *Fast* to bar a wrongful death claim brought more than three years after the last date of the alleged negligence. *Fechner v. Volyn*, 3 Wn. App. 2d 716, 720-21, 418 P.3d 120 (2018). The court recognized, "*Fast* made clear that all medical negligence claims are governed by the [medical negligence statute of limitations, RCW 4.16.350(3)], even if the medical negligence results in death as opposed to some other sort of harm." *Id.* at 721. Soocey

8

argues that the *Fechner* court recognized that *Fast* was intended to apply narrowly because of *Fechner*'s discussion of Justice Madsen's concurrence.

Soocey is correct that Justice Madsen would apply *Fast* narrowly, but not in the way that Soocey argues. Justice Madsen would not confine *Fast* only to wrongful death of a child cases under RCW 4.24.010. *See* 187 Wn.2d at 41-43 (Madsen, J., concurring). Instead, Justice Madsen emphasized that the medical negligence statute of limitations applies only in the health care context and clarified that a wrongful death claim remains a distinct and separate cause of action. *Id.* The *Fechner* court relied on Justice Madsen's concurrence to reject the plaintiff's claim there that she could pursue a separate wrongful death claim against her deceased husband's doctor that would be governed by the general statute of limitations. 3 Wn. App. 2d at 721. The *Fechner* court reasoned that Justice Madsen did not intend to cast doubt on whether wrongful death claims can fall under the medical negligence statute of limitations. *Id.* "Instead, it is apparent that *Fast* applies to a wrongful death claim if the claim is based on medical negligence." *Id.*

We reject Soocey's arguments that we should ignore *Fast* and apply the discarded rule from *Wills* that an injury in medical negligence cases does not include wrongful death. The Supreme Court definitively and without qualification held that "in cases of wrongful death resulting from negligent health care, the medical negligence statute of limitations . . . (RCW 4.16.350(3)) applies." *Fast*, 187 Wn.2d at 40. Thus, in any wrongful death case based on an act of medical negligence, the three-year statute of limitations runs from the date of the negligent act or omission, not from the date of death.

No. 53389-8-II

Here, it is undisputed that the date of alleged medical negligence was November 4, 2015. Soocey filed suit on November 13, 2018, more than three years later. Therefore, her claim is barred by the medical negligence statute of limitations, as applied by *Fast*. RCW 4.16.350(3).

CONCLUSION

We conclude that the medical negligence statute of limitations applies in this case because Soocey's wrongful death claim is based on alleged medical negligence. Soocey's claim is barred because it was filed more than three years after the date of the alleged medical negligence. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Le, C.J.

Maxa, J.